CHARLES VICTOR PITCAIRN, Plaintiff, *v.* ELSIE C. TAYLOR PITCAIRN, Defendant.

Supreme Court, New York Special Term, June, 1922.

**Husband and wife — dissolution of marriage under section 7-a, Domestic Relations Law — statements which should be embodied in petition — form of notice — practice.**

The purpose of the publication of a notice under section 7-a of the Domestic Relations Law, added by chapter 279 of the Laws of 1922, is to acquire jurisdiction, and an order of publication under the statute may not be granted upon the petition which merely states that " a diligent search has been made to discover evidence showing that said wife is living and that no such evidence has been found; " the particulars of the petitioner's effort and the grounds of his

conclusions must be set forth with the same detail as in an affidavit for an order for the publication of a summons.

The petition herein is also defective in that it fails to state clearly that the wife has not been known to the petitioner to be living at any time during the five years required by the statute.

The statute indicating an intent to deny relief if the absent party appears to be living, a notice stating that the petitioner applies for an order of dissolution of marriage " on the ground of absence for five successive years last past " is incorrect, as the ground of the proceeding is not such an absence, but the presumption of death arising from unexplained absence.

APPLICATION for order of publication under section 7-a of the Domestic Relations Law.

*John Bradshaw Thorne,* for plaintiff.

No appearance for defendant.

MARSH, J.    This is a petition under section 7-a of the Domestic Relations Law, as added by chapter 279 of the Laws of 1922.    It sets forth the marriage of the parties, the defendant's absence for five years and " that petitioner has made every effort within his power to ascertain the whereabouts of his wife and has failed in his every endeavor and believes that his said wife is dead; and that a diligent search has been made to discover evidence showing that said wife is living, and that no such evidence has been found." The petitioner asks for an order of publication under the statute above mentioned.    The language quoted is little more than a repetition of the words of the statute concerning a search for evidence.    Inasmuch as the publication of the notice is intended for the purpose of acquiring jurisdiction, and the judgment to be entered will be of great moment to the defendant, if living, I believe it was not intended that the order of publication should be granted on a mere conclusion that the petitioner has made a diligent search and every effort within his power, but that the particulars of his efforts and the grounds for the conclusion must be set forth with the same detail as in an affidavit for an order for publication of a summons.    *Friedman* v. *Prescetti,* 199 App. Div. 385.    The petition in this case is also defective in that it fails to state unambiguously that the defendant has not been known to the plaintiff to be living at any time during the required five years. Furthermore, I am of the opinion that the notice which it is proposed to publish is not in proper form.    The statute requires that it shall state the object of the petition.    This proposed notice states that the petition applies for an order of dissolution of marriage " on the ground of absence for five successive years last past." This is incorrect and may easily mislead the defendant as to her rights.    The ground of the proceeding seems not to be absence for

five years, but a presumption of death resulting from unexplained absence. The statute indicates an intent to deny the relief if the absent party appears in fact to be living. The published notice, therefore, should refer to the presumption of death. Application denied, with leave to renew.

Ordered accordingly.