In the Matter of the Application of CHARLES RICHARD POWELL for an Order Dissolving His Marriage with NELLIE POWELL, Pursuant to Section 7a of the Domestic Relations Law, on the Ground of Absence.

Supreme Court, Kings Special Term, May 8, 1924.

**Husband and wife — proceeding under Domestic Relations Law, § 7-a, for dissolution of marriage on ground of absence is special proceeding — statute does not provide for action between parties — alimony and counsel fees cannot be granted where wife of petitioner sets up counterclaim for divorce.**

A proceeding under section 7-a of the Domestic Relations Law providing for the dissolution of a marriage on the ground of absence is a special proceeding permitting proof only as to the particular matters to which the statute relates. There is no provision in the statute for an action between the parties.

Accordingly, the court has no jurisdiction to entertain a motion by the wife of the petitioner for alimony and counsel fees even though she set forth in her answer to the petition a cause of action for absolute divorce.

MOTION for alimony and counsel fees.

*Edward W. Drucker,* for the petitioner.

*Edward J. Reilly,* for Nellie Powell.

BENEDICT, J. This motion involves a novel point in practice which, however, was not adverted to on the argument of the motion.

On March 21, 1924, the petitioner presented to this court a petition verified on March thirteenth, wherein he sought to take advantage of the provisions contained in section 7a of the Domestic Relations Law (Laws of 1922, chap. 279) and to obtain an order dissolving his marriage upon the ground that his wife had absented herself for five successive years then last past, without being known to the petitioner to be living during that time, and that the petitioner believed such wife to be dead and that a diligent search had been made to discover evidence showing that such wife was living and no such evidence had been found. An order was thereupon made, based upon the said petition, directing that notice of the presentation and object of the said petition be published in two newspapers not less than once in each of six successive weeks, and that notice be directed to the wife and be returnable at Special Term, Part II, of this court on the 11th day of June, 1924, at ten o'clock in the forenoon. Shortly after the publication of the notice so directed to be published was begun it came to the attention of the respondent wife, who thereupon, through her attorney, caused a paper to be served upon the attorney for the petitioner. This paper was denominated, " notice, answer and counterclaim." In it the respondent notified the petitioner that she was the wife of the petitioner and denied the allegations of the petition, except as to the allegation that the petitioner and the respondent had not lived together since 1912, and then, for a separate and distinct defense and by way of counterclaim, she set forth a cause of action for absolute divorce against her husband upon the ground of his adultery, and prayed for a decree of absolute divorce against him dissolving the marriage relation between them. Thereupon, on an affidavit verified on the 31st day of March, 1924, she obtained an order to show cause from one of the justices of this court directing the petitioner to show cause before the Special Term for motions why the defendant, the wife, should not receive $50 a week as alimony and a counsel fee of $1,000. This motion coming on to be heard was opposed upon its merits by the petitioner and was submitted to the court. The motion cannot be considered on its merits because the court has no power or jurisdiction to entertain it. Section 7a of the Domestic Relations Law simply covers the particular situation of which it treats. As Mr. Justice Marsh remarked: " The ground of the proceeding seems not to be absence for five years, but a presumption of death resulting from unexplained absence." See *Pitcairn* v. *Pitcairn*, 119 Misc. Rep. 37. Of course, such a pre-

sumption cannot survive the appearance of the absentee. The section referred to does not provide for an action between the parties. It is a special proceeding permitting proof only as to the particular matters to which it relates. On the return day of the notice which is directed to be published the statute provides: " If the court, after filing of proof of the proper publication of said notice and after a hearing and proof taken is satisfied of the truth of all the allegations contained in the affidavits it may make an order dissolving such marriage." Such a special proceeding cannot at any time be turned into an action of a matrimonial character between the parties. If the alleged absentee appear upon the return day of the notice, the court must dismiss the proceeding. Thereupon the parties are relegated to any other remedy or action of a matrimonial character which the circumstances of the case may afford. In the present case if the wife have a cause of action for absolute divorce against her husband the pending proceeding does not interfere with its assertion and prosecution. The motion for alimony and counsel fee must, therefore, be denied without prejudice.

Ordered accordingly.