she could, with no compensation except commissions for policies actually written. While respondent conducted a meeting of its agents every week, claimant was not required to attend, and there was no evidence at all that respondent in any way controlled or supervised claimant's methods of work or paid any attention to them.

Since these people provided, by a plain, clear contract, that their relationship should not be that of employer and employee, it seems to me, as it seemed to the majority of the court in the *Wilson Sullivan* case (*supra*), that this claim cannot be allowed unless we are to say that an insurance company cannot have anything but an employer-employee relationship with its soliciting agents or, in other words, as Judge FINCH put it in the *Wilson Sullivan* case (*supra*), "that the recognized common law relationship of independent contractor has been outlawed by the statute" (289 N. Y. at p. 115).

I favor affirmance.

LOUGHRAN, Ch. J., LEWIS, CONWAY and DYE, JJ., concur in *Per Curiam* opinion; DESMOND, J., dissents in opinion in which FULD and FROESSEL, JJ., concur.

Order reversed, etc. [See 300 N. Y. 742, 301 N. Y. 570.]

SADIE RAGIONE, Appellant, *v.* FRANK J. RAGIONE, Respondent.

Submitted January 5, 1950; decided February 23, 1950.

*Henry Pearlman* for appellant.

No appearance for respondent.

Judgment affirmed, without costs; no opinion.

Concur: LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ.

LUCY M. MINNIER, Respondent, *v.* BLYTHE J. MINNIER, Appellant.

Argued January 9, 1950; decided February 23, 1950.