## (October 28, 1958)

■ In the Matter of UMBERTO DI GIOVANNI, Appellant, against ASSUNTA S. DI GIOVANNI, Respondent.— In 1946 petitioner husband obtained a decree dissolving his marriage to respondent wife pursuant to section 7-a of the Domestic Relations Law, on the strength of his assertion that 11 years earlier his wife had gone to Abyssinia and disappeared. Subsequent to the decree he remarried. Respondent, his first wife, came to the United States in 1957 and alleges that she brought this motion to vacate and set aside the interlocutory and final orders dissolving the marriage as soon as she learned of the existence of the decree. Special Term granted her motion in all respects, granting leave to respondent to serve and file an answer in the original action. Although the decree was granted on the presumption that respondent, who had not been heard from for over 11 years, was dead, it is not to be set aside merely upon her reappearance (*Anonymous* v. *Anonymous,* 186 Misc. 772, affd. *sub. nom. Ragione* v. *Ragione,* 274 App. Div. 752, affd. 300 N. Y. 655). If, however, petitioner at the time of obtaining the decree knew or could readily have ascertained the whereabouts of respondent, the decree would have to be vacated for fraud (*Matter of Neiman,* 176 Misc. 552). In such event, no further proceedings on the petition would be required, for the very fact of respondent's presence would necessitate dismissal of the petition (*Matter of Powell,* 123 Misc. 172). Contrariwise, if petitioner was not guilty of fraud in obtaining the orders or if respondent is barred by her conduct from attacking the said orders, they should remain undisturbed. (The court may only conjecture as to the issues that will be raised by petitioner, since he did not oppose this motion on the merits, claiming improper service of the moving papers.) However, the determination as to these issues, involving as it does marital status, should not be made upon affidavits alone, but there should be a hearing on the issue of fraud, as aforesaid, and any other issues that may properly be raised. We find no laches in respondent's conduct subsequent to her arrival in the United States in January, 1957. Order vacating the interlocutory and final

decrees dissolving the marriage between petitioner and respondent unanimously reversed on the law and the facts and in the exercise of discretion, without costs, and matter remanded to Special Term for further hearing. Concur — Botein, P. J., M. M. Frank, McNally, Stevens and Bastow, JJ.