. In re CLARKE.

(Supreme Court, Appellate Division, First Department.   April 8, 1909.)

1. DESCENT AND DISTRIBUTION (§ 71*)—PRESUMPTIONS—EXISTENCE OF HEIRS.

While it is presumed that no person dies without leaving heirs, there exists no presumption that one leaves heirs competent to inherit, which presumption is not conclusive, and may be overcome by circumstantial evidence or by great lapse of time and proof that no heir appeared to claim the property.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 233; Dec. Dig. § 71.*]

2. VENDOR AND PURCHASER (§ 130*)—MARKETABLE TITLE.

Where a vendor claimed under a title derived from the state under an escheat of the property of C., in order to satisfy the purchaser's right to a marketable title, he was bound to show that C. left no heirs competent to take the land by descent.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246; Dec. Dig. § 130.*]

3. WILLS (§ 431*) — REFUSAL OF PROBATE — MATTERS ADJUDICATED—EXISTENCE OF HEIRS.

Where a petition for the probate of testatrix's will alleged that she left no heirs other than her husband and one who claimed to be an adopted daughter, and the court refused probate of the will because it was revoked by testatrix's subsequent marriage, there was no adjudication that she died without heirs capable of inheriting real estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 922; Dec. Dig. § 431.*]

4. VENDOR AND PURCHASER (§ 130*)—MARKETABLE TITLE—ESTABLISHMENT.

C. died, leaving a husband and an alleged adopted daughter, who instituted proceedings to prove herself decedent's sole heir, alleging that, if decedent left any other heirs, they were unknown. Citation was issued and published to unknown heirs, after which a surrogate's decree was rendered declaring that petitioner was decedent's sole heir. Ejectment was thereafter brought by petitioner against the husband, who had obtained a release of the state's title to the land by escheat, but who was not a party to petitioner's heirship proceedings. Judgment for petitioner in ejectment was reversed because the heirship proceedings were not binding on the husband, the Appellate Division also indicating its opinion that the proof of heirship was insufficient. *Held*, that one claiming under C. had not a marketable title to the land because such proceedings were insufficient to show that testatrix died without heirs capable of inheriting, and that C. acquired any interest from the state.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 245, 246; Dec. Dig. § 130.*]

Appeal from Special Term, New York County.

Application by Mary J. Noughton, as special guardian of Harold R. Clarke, an infant, for the sale of the latter's interest in certain real estate. A sale having been made to one Martin Dickerman, he refused to complete the same because of nonmarketable title; and, from an order requiring him to complete the purchase, he appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and SCOTT, JJ.

William B. Aitken, for appellant.
Francis J. Kuerzi, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. No question is raised with respect to the regularity or validity of the proceedings in this special proceeding. The special guardian of the infant was duly authorized to enter into a contract for the sale of the interest of the infant in the real estate described in the petition, and she duly contracted with the appellant for the purchase thereof, and the sale was duly approved by the court. Upon tender of the deed of the special guardian, however, the appellant refused to complete his purchase upon the ground that the infant had no marketable title or interest in the real estate. The facts upon which this objection was based were then presented to the court in a report made by the special guardian. The objections of the purchaser were overruled, and he appeals from the order directing him to complete his purchase.

The infant claims title upon the ground that one Elizabeth Collins, who died on the 3d day of April, 1893, intestate, was seised of the premises in fee simple absolute; that she left no heirs at law, and that the premises escheated to the people of the state; that the right, title, and interest of the state was released on the 30th day of March, 1895, to Thomas Collins, the surviving husband of said Elizabeth Collins, and that by mesne conveyances the right, title, and interest of Thomas Collins passed to the infant prior to the commencement of this proceeding. The claim that Elizabeth Collins, the former owner of the premises, left no heirs, is founded solely upon a verified petition presented to the Surrogate's Court of the county of Westchester on the 8th day of April, 1893, by her surviving husband for the probate of her alleged last will and testament. That petition set forth that her heirs were her husband and one Mary Tracy, who claimed to be her adopted daughter, and that she "left her surviving no child or children, adopted child or children, the issue of any deceased child or children, or the issue of any deceased adopted child or children, or any father or mother, or any deceased child's husband or wife, or brother or sister of the half or whole blood, or the issue of any deceased brother or sister or any deceased brother's wife or any deceased sister's husband," except as therein stated. The probate of the will was refused on the ground that it was revoked by the subsequent marriage of the decedent. The petition for the probate of the will having been denied upon the ground stated, it became unnecessary for the court to adjudicate upon the other facts presented, and it does not appear that the court made any decision thereon.

The allegations of the petition in these circumstances do not constitute satisfactory proof of the facts. The presumption is that no person dies without leaving heirs, but there doubtless is not in all cases a presumption that one leaves heirs competent to inherit, for it might appear that the heirs were aliens, and under the law aliens might not be capable of inheriting. There is nothing in the record, however, to indicate that the heirs which the law presumes the decedent left were not capable of inheriting. This presumption, of course, is not conclusive, and it may be overcome by circumstantial evidence or by great lapse of time with proof that no heir appeared to claim the property. 22 Am. & Eng. Ency. of Law (2d Ed.) 1291; Ettenheimer v. Heffer-

nan, 66 Barb. 374; Bradley v. Dwight, 62 How. Prac. 300; Pitkin v. New York & New England R. R. Co., 64 Conn. 482, 30 Atl. 772; Harvey v. Thornton, 14 Ill. 217; Lawson on Presump. Ev. (2d Ed.) 249; Bell v. Hall, 76 Ala. 546; John, Adm'r, v. Hunt, 1 Blackf. (Ind.) 324, 12 Am. Dec. 245. The purchaser, however, is entitled to a marketable title, and it was incumbent upon the respondent to show by satisfactory evidence that the decedent left no heirs at law competent to take this land by descent. The facts give rise to no presumption to that effect. It is not even 20 years since the death of the party who concededly owned the premises in fee simple absolute, and through whose death title is claimed on the theory that it escheated to the people of the state for want of heirs competent to take. It is also claimed in behalf of the respondent that the marketability of this title may be sustained upon another theory. Mary Tracy, who claimed to be the adopted daughter of the decedent, on the 6th day of May, 1895, instituted a proceeding in the Surrogate's Court of the county of Westchester for the probate of her heirship as the sole heir of the decedent. In her petition she alleged that, if the decedent left any other heirs, their names and places of residence were unknown to her and could not be ascertained with due diligence, and that she believed that there were no such heirs. In that proceeding a citation was issued and published as required by the Code, addressed as follows:

"To the Heirs of Elizabeth Collins, Formerly Carroll, Deceased, Late of the Village of Unionport, County of Westchester and State of New York, the Names of Such Heirs Being Unknown and Unascertainable."

After proof of the due publication of the citation, a decree was made by the Surrogate's Court on the 23d day of September, 1895, to the effect that the decedent left no other heir, and that said Mary Tracy was her heir. Collins, through whom the respondent claims title, was not a party to that proceeding. Thereafter, and on the 13th day of May, 1895, an action in ejectment was brought in the Supreme Court of this state in the county of Westchester by said Mary Tracy against said Collins to recover the possession of the premises in question, and on the 16th day of December thereafter she recovered judgment therein. This judgment, however, was reversed on appeal upon the ground that the proceedings in the probate of heirship were not binding upon Collins (Carroll v. Collins, 6 App. Div. 106, 40 N. Y. Supp. 54), and the action is still pending without a retrial having been had. The opinion delivered by the Appellate Division on reversing the judgment in that action indicates that the court was of opinion that the proceedings for the probate of heirship were void upon the ground that the proof was wholly insufficient to show that the petitioner was legally adopted. The learned counsel for the respondent argues that the effect of the decision in the action of ejectment merely is that the proceeding for probate of the heirship was not binding upon Collins because he was not cited to appear, and, not being an heir, he could not be cited to appear. That, of course, was the only point decided, although the observations of the court, as already stated, appear to go much farther. The learned counsel for the respondent also claims, as we understand his argument, that, although the probate of heirship

was not a binding adjudication as against Collins, it was a binding adjudication against any other heir who may have survived the decedent, for the reason that all other heirs were duly cited to appear. That may be so as between such other heirs, if any there be, and Mary Tracy who instituted the proceeding, but it is difficult to see how Collins derived any right under that adjudication or upon what theory it would establish the fact in a litigation between other heirs and Collins or any one claiming under him. It is therefore quite manifest, I think, that upon no theory is the title of the respondent shown to be marketable.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the appellant should be released from his contract for the purchase of the premises.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.