In the Matter of the Estate of MARY ELLEN HONE, Also Known as MOLLY HONE, Deceased.

Surrogate's Court, Suffolk County, February 3, 1936.

*Saxe, Gerdes, Bacon & O'Shea*, for the petitioners.

*Julian D. Heath*, for the respondent Harold Hone.

*Evans & Rees* [*H. Bradley Moore* of counsel], for the respondent London and Lancashire Indemnity Company of America.

PELLETREAU, S. On February 2, 1927, the decedent, Mary Ellen Hone, died, an insane patient in Kings Park State Hospital in Suffolk county. On February 8, 1927, letters of administration upon the personal estate of said decedent were granted to Harold Hone in Suffolk county upon his filing a bond in the sum of $20,000 with the London and Lancashire Indemnity Company as surety.

The petition for such letters of administration contained the following allegation: " That the said decedent died leaving no surviving husband, no child or issue of a deceased child, no grandchildren, no father or mother, and *no brothers or sisters and leaving no other next of kin than your petitioner herein.*"

The decedent left an estate of slightly more than $20,000, all of which had come to her under the will of Charles Russell Hone, who died in 1920. Harold Hone, aforesaid, was a brother and nearest blood relative of the said Charles Russell Hone.

The petitioners herein ask that the letters of administration granted to Harold Hone by decree of February 8, 1927, and that the decree of November 10, 1927, settling the accounts of said administrator, and discharging the surety, be opened and vacated upon the ground that Mary Ellen Hone, aforesaid, was survived by at least two next of kin, to wit, a brother, Luke Foley and a sister, Elizabeth Foley Hyde, both residents of the city of New York. The said Harold Hone was rightfully entitled to the estate had the allegations made by him in the petition for his appointment as administrator been true. The estate came from the Hones, and if Mary Ellen Hone was survived by no husband or next of kin, the estate would go back to the next of kin of her deceased husband from whom she received it. That is, it would go to Harold Hone.

I am satisfied from the evidence that the decedent in this proceeding was the child of James Foley and Mary Conroy, his wife, and that said James Foley and Mary Conroy were married in St. Patrick's Cathedral in the city of New York on the 29th day of September, 1873. Thereafter six children were born to them, of whom the petitioners, Elizabeth Foley Hyde and Luke Foley, are the only known survivors. One of the children, James Foley, cannot be accounted for, although believed to be dead. The other two, Rose Foley and Patrick Thomas Foley, died in 1887 and 1913 respectively.

The decedent was born in 1878 in New York county and lived there continuously until about 1910 when she went to Saranac Lake with Charles Russell Hone where they were married. She returned with him to New York county in 1915. They then moved to Summit, N. J., where they lived for a time, then returned to New York county and lived in the Washington Heights district where they lived together until 1920 when the said Charles Russell Hone died.

There is nothing to indicate that Harold Hone had any knowledge of the relatives of the said Mary Ellen Hone, the decedent. He did not make sufficient investigation to ascertain the fact whether she did have relatives or not. Without that investigation he should not have made the allegation in the petition to the effect that she left no next of kin. In 1925, while domiciled in Bronx county, she

was taken to Bloomingdale Sanatarium in Westchester county. She was entered in the records there as a resident of Bronx county. While at Bloomingdale she was adjudicated insane by the Supreme Court and the order recited that she was then a resident of New York city. Thereafter, by an order of the State Hospital Commission, she was transferred to Kings Park State Hospital. In my opinion that did not change her domicile, which remained in Bronx county in the city of New York. While at Kings Park a committee was appointed of her property. The petition of the superintendent of Kings Park State Hospital and the order of the Supreme Court appointing the committee recited that she was a resident of New York county. " Residence," as used in the Surrogate's Court Act, means domicile. The provision of the Surrogate's Court Act, section 45, subdivision 1, applies in this case. The decedent never was a resident of Suffolk county. The statement of Harold Hone in his petition for appointment as administrator in that respect also was incorrect. While the decedent died in Suffolk county, she was committed or transferred to Kings Park State Hospital in said county as an insane person from New York city. Harold Hone stood in a position of highest fiduciary trust because on the failure of next of kin he became entitled to the decedent's estate. The slightest suspicion that there were next of kin should have caused him to investigate most fully. He made no investigation whatever. He did not make the least inquiry to ascertain whether there were next of kin, or if so, of their whereabouts, but appropriated the estate. In fairness to the administrator, however, I am of the opinion that he did not realize the seriousness of what he did and he may have really believed that Mary Ellen Hone had no relatives. What she said in relation to relatives was certainly not sufficient to indicate that she had no blood relatives, nor sufficient to warrant the allegation in the petition for the appointment of an administrator that she had no brothers, sisters or other next of kin. Whatever she may have said in that relation, the fact remains, she was the widow of his own brother and he did not proceed with the care and diligence which the law requires. There is a presumption of law that every one dying leaves one or more heirs. (*Matter of Clarke*, 131 App. Div. 688; *New York Central & Hudson R. R. Co.* v. *Cottle*, 102 Misc. 30.)

The petitioners are entitled to a decree vacating the decrees of February 28, 1927, and November 10, 1927, judgment in the sum of $20,000 against the London and Lancashire Indemnity Company as surety and judgment in the sum of $22,811.95, with interest, against Harold Hone, individually, and as administrator of the goods, chattels and credits of Mary Ellen Hone, deceased.

Submit decree.