In the Matter of the Application to Open, Vacate and Set Aside a Decree of this Court, Dated February 8, 1927, Granting Letters of Administration to HAROLD HONE on the Goods, Chattels and Credits of MARY ELLEN HONE, Also Known as MOLLY HONE, Deceased, and to Open, Vacate and Set Aside a Decree of this Court, Dated November 10, 1927, Settling the Accounts of Said HAROLD HONE as Such Administrator, and Directing the Payment to Said HAROLD HONE, Individually, of the Entire Estate of Said Decedent.*

LONDON & LANCASHIRE INDEMNITY COMPANY OF AMERICA and HAROLD HONE, Individually and as Administrator, etc., of MARY ELLEN HONE, Deceased, Appellants; ELIZABETH FOLEY HYDE and LUKE J. FOLEY, Petitioners, Respondents.

Second Department, April 26, 1937.

*Affg. 158 Misc. 183.

636

*Martin A. Schenck* [*Sydney G. Soons* and *H. Bradley Moore* with him on the brief], for the appellant London & Lancashire Indemnity Company of America.

*Nathan Heller*, for the appellant Harold Hone.

*William J. O'Shea, Jr.* [*Henry J. Kennedy* with him on the brief], for the respondents.

PER CURIAM. The administrator and the surety upon his official bond appeal from a decree of the Surrogate's Court of Suffolk county, entered February 17, 1936, which vacated a former decree made by the same court, entered November 10, 1927, judicially settling the administrator's accounts and directing the payment of the balance of the estate to him personally. The decree appealed from also granted recovery against the administrator and his surety by the decedent's next of kin.

The administrator was the brother of the decedent's husband, who predeceased the decedent. The property left by the decedent came to her under her husband's will. The administrator obtained letters of administration upon a petition alleging that the decedent left no next of kin. The surrogate has found and the appellants at the trial did not question, but in their trial briefs in effect admitted, that he made no effort whatever, before or after he received letters of administration, to locate any next of kin of the decedent to determine whether she left any. Appellants rely chiefly on the administrator's testimony that, in conversations claimed to have been had by him with the decedent some seven years before her death, she told him that she had no next of kin. Other evidence in the case explains and discounts these statements, if in fact they were made. The surrogate would have been fully justified by the

evidence if he had found that they were not made. Further, the administrator's testimony as to those conversations with the decedent was inadmissible for any purpose. (Civ. Prac. Act, § 347.) It was offered and received for the sole and limited purpose of showing that the administrator *did not know* that the decedent left next of kin her surviving, and not to show the fact claimed to have been stated by the decedent. At the trial, however, that evidence was relied upon, and on this appeal it is relied upon, to demonstrate the fact stated, namely, that decedent did not leave any next of kin. From this circumstance it is argued that the administrator was relieved and excused from making any effort, after the death of the decedent, to locate next of kin or to determine whether they existed. Testimony as to similar conversations with the decedent, but uncertain and indefinite in character, was also given by the wife and daughter of the administrator. It was the surrogate's prerogative to accept or reject it. The administrator, in his accounting proceeding, served citation by publication against unknown next of kin.

The decree appealed from was obtained by a sister and a brother of the decedent who were not served with citation on the accounting, did not see the citation by publication, and did not learn of the decedent's death until several years had expired after the accounting was had. The surrogate found that the administrator did not use diligence to ascertain the identity and whereabouts of the next of kin. (Surr. Ct. Act, § 57; *Clarkson* v. *Butler*, 173 App. Div. 143; *Matter of Gahn*, 110 Misc. 96; *Fink* v. *Wallach*, 47 id. 247.)

The papers upon which the order for the service of the citation by publication and the citation in the accounting proceedings were based were wholly insufficient to give the surrogate jurisdiction over the next of kin. He acquired no jurisdiction over them. The accounting and the decree therein, therefore, did not bind them. The decree was properly vacated. The liability of the appellant surety is coextensive with that of the administrator. (*Deobold* v. *Oppermann*, 111 N. Y. 531, 537, 542, 543.)

The decree appealed from was properly made against both appellants, and should be affirmed, with costs to the respondents, payable by the appellants personally.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and TAYLOR, JJ.

Decree of the Surrogate's Court of Suffolk county unanimously affirmed, with costs to respondents, payable by appellants personally.