Christopher C. McGrath, S.
The application to reopen the proceeding to judicially settle the account of the executor and the application to construe the will of the testatrix are consolidated.
The court is satisfied upon the proof adduced in open court that the legatee, Pincus Grynspan, never existed and that the legatees, Perla Katz, Bywka Grynspan and Tobalia Grynspan predeceased the testatrix.
As a result of the nonexistence of the legatee, Pincus Grynspan, the amount of his legacy falls into the residue (Riker v. Cornwell, 113 N. Y. 115). However, as to the shares of the above-named persons who predeceased the testatrix, the will provides that their shares ‘ ‘ shall be divided among the next of kin of such devisee or legatee to be shared per stirpes and not per capita.” As a result of this language, the primary gifts to the legatees do not lapse. The legacies are payable to the next of kin of the legatees as the substitutionary beneficiaries in accordance with the clearly expressed intention of the testatrix. Such legacies would lapse and fall into the residue only if the primary legatees died without distributees.
The contention of the attorney for the petitioner that where legatees are presumed to be dead it must further be presumed that they died without heirs is without merit. The law presumes that every person dying leaves one or more heirs (Matter of Home, 158 Misc. 183, 185, affd. 250 App. Div. 635; Matter of Owen, 144 Misc. 688, 690). This presumption, of *184 course, is not conclusive and it may be overcome by circumstantial evidence or by great lapse of time (Matter of Clarke, 131 App. Div. 688, affd. 195 N. Y. 613).
This matter is therefore restored to the calendar of September 18, 1957, at 10 o’clock a.m. for the purpose of determining the person or persons entitled to the shares of the predeceased legatees.
Proceed accordingly.