■ In the Matter of JOSEPHINE B. SHARPE, Deceased. KATHARINE G. BENEDICT, Appellant; SAMUEL MARKEWICH, as Special Guardian, Respondent. — Motion for an order setting the appeal down for immediate argument granted to the extent of directing that the appellant procures the record on appeal and appellant's points to be served and filed on or before April 25, 1961, with notice of argument for the June 1961 Term of this court, said appeal to be argued or submitted when reached. That branch of the motion seeking a dismissal of the appeal may be renewed on the argument of the appeal. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

■ MURRAY FABRICANT v. LILLIAN NADELHAFT et al.— Motion to dismiss appeals granted to the extent set forth in the order of this court entered herein. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

■ FREDERICK KATZ v. CHARLES FISCHLER et al.— Motion for a stay granted to the extent of staying the assessment of damages and trial thereon, pending the hearing and determination of the appeal, on condition that defendants-appellants procure the record on appeal and appellants' points to be served and filed on or before April 27, 1961, with notice of argument for May 9, 1961, said appeal to be argued or submitted when reached. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

## (April 11, 1961)

■ MATTHEW VAUGHAN, Appellant, v. GLOBE NEON SIGN Co. et al., Respondents.— Judgment unanimously modified, on the law and on the facts, to the extent of granting a new trial as to the defendant, Service Sign Erectors Co., Inc., with costs to appellant to abide the event and as so modified, affirmed, with costs to respondent, Globe Neon Sign Co. The proof presented questions of fact as to the negligence of the defendant, Service Sign Erectors Co., and the contributory negligence of the plaintiff. The trial court erred in directing a verdict in favor of that defendant. The court, however, correctly held that the doctrine of *res ipsa loquitur* was inapplicable. It has been said that "there is no need to invoke that doctrine in a case in which the evidence is sufficient to make out a prima facie case under the ordinary principles of circumstantial evidence." (*Markel* v. *Spencer*, 5 A D 2d 400, 409, affd. 5 N Y 2d 958.) In applying such principles "A plaintiff is not * * * required to point out the particular act or omission which caused the accident. It is enough if he shows facts and conditions from which negligence of a defendant and the causation of the accident by the negligence may be reasonably and legitimately inferred." (*White* v. *Lehigh Val. R. R. Co.*, 220 N. Y. 131, 136.) We are not required to pass upon the question presented by appellant that the negligence of the defendant, Globe Neon Sign Co., might be established by proof of a violation of rules adopted pursuant to subdivision 6 of section 241 of the Labor Law. This clearly is an afterthought on the part of appellant. Such a contention was not presented either before or during the trial and may not be raised for the first time on appeal. (Cf. *Jewtraw* v. *Davis*, 277 App. Div. 918, 919.) Concur — Stevens, Eager and Bastow, JJ.; McNally and Steuer, JJ., concur in result in the following memorandum by McNally, J.: I concur in the result. On the retrial, if the plaintiff chooses to rely on neutral circumstances relative to control on the part of Service Sign Erectors Co., then the doctrine of *res ipsa loquitur* may be available to him. (*Plumb* v. *Richmond Light & R. R. Co.*, 233 N. Y. 285, 288.)