OPINION OF THE COURT
John D. Bennett, J.
In this accounting proceeding the court is requested to construe the decedent’s will to determine whether a stepdaughter is to receive additional assets other than that provided for in the account.
*653 The decedent who died in 1939 left his residuary estate to his wife for life with remainder over to the extent of three fourths to the decedent’s brother if he be living at the time of the wife’s death and the other one fourth to the decedent’s stepdaughter if she be living at the time of his wife’s death. In the event that the brother or stepdaughter or both of them did not survive the testator’s wife, he directed that the principal of the trust be distributed to his distributees living at the time of the death of his wife in accordance with the laws of the State of New York.
The decedent’s wife is now dead, the brother having predeceased her. The fiduciaries desire to distribute the one-fourth share to the stepdaughter but contend that the other three fourths must be paid to the Comptroller of the State of New York in accordance with SCPA 2222. The stepdaughter contends that since no distributees have been found and the guardian ad litem reports that there are undoubtedly no distributees known that a gift by implication should be made of the remaining three fourths to her for reasons she set forth in her affidavit.
If the residue of a residue law applied (EPTL 3-3.4) then the court could give some consideration to possibly using the provisions of SCPA 2225 in order for the stepdaughter to receive the remaining three fourths of the trust. However EPTL 3-3.4 may not be utilized since the interest is contingent (see Hoffman, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 3-3.4, p 342).
The cases cited by the stepdaughter dealing with gifts by implication do not apply nor does her contention that the decedent did not want to die intestate deserve merit since the decedent specifically provided that he wanted the three fourths distributed similar to intestacy to his distributees living at the time of his wife’s death. The stepdaughter’s recitation of her closeness to the decedent has no bearing on the construction. The decedent did give a family tree to his attorney which did give evidence that he had distributees and there is a presumption he left distributees (Matter of Hone, 158 Misc 183, affd 250 App Div 635). Therefore the remaining three fourths of the trust must be paid to the Comptroller of the State of New York for the benefit of the unknown distributees pursuant to SCPA 2222.