■ MAUREEN KURMELIS et al., Respondents, v ROBERTO GONZALEZ et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Queens County, entered March 5, 1979, which, *inter alia*, denied their motion to vacate and set aside a judgment entered against them by default on May 12, 1978. Order modified by deleting therefrom the provisions stating that the defendants were properly served in this action and denying the defendants' motion and substituting therefor provisions sustaining service and jurisdiction as to the corporate defendant only and denying the motion as to said defendant. As so modified, order affirmed, without costs or disbursements, and action remanded to Special Term for a hearing in accordance herewith. The "affidavit of [substituted] service" upon the individual defendant, executed by the process server and submitted to Special Term, omits any recitation of facts pertaining to his satisfaction of the "due diligence" requirement in CPLR 308 (subd 4), and therefore precludes any summary determination as to whether the attempted service was made "in an authorized manner" so as to confer jurisdiction upon the court (see CPLR 306, subd [a]; 3215, subd [e]). Under these circumstances, it was improper for Special Term to deny such defendant's motion to vacate the judgment against him without first conducting a hearing to establish the jurisdictional facts (see *Fidelity & Cas. Co. of N. Y. v Yager*, 46 AD2d 615; *Jones v King*, 24 AD2d 430; see, also, *Barnes v City of New York*, 70 AD2d 580). Since this action must be remanded to Special Term for a hearing, we take the liberty of noting that while neither party has chosen to raise the issue, the interrelationship between the alleged delay in filing the proof of service, the statutory provisions regarding the completion of service (CPLR 308, subd 4), and the time to interpose an answer (CPLR 3012, subd [c]) may pose an additional impediment to the validity of the judgment as regards the individual defendant, assuming for the sake of argument that jurisdiction was obtained in the first instance. We believe, therefore, that the scope of the hearing should be expanded to include this issue. So much of the order under review as sustained jurisdiction over the corporate defendant was properly entered. We have considered defendants' remaining contentions and find them to be without merit or not properly before the court (see *Rentways, Inc. v O'Neill Milk & Cream Co.*, 308 NY 342, 349; *Vaughn v Globe Neon Sign Co.*, 13 AD2d 625). Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.