■ In the Matter of NINA NAGAINIS, as Executrix of ANATOL ZADOR, DECEASED, Appellant, v ANNA E. ZADOR, Respondent.—Order unanimously reversed, without costs, and without prejudice to respondent to renew her application in accordance with the following memorandum: The parties were married in 1959, and respondent wife left petitioner in 1961. In 1975 petitioner, Anatol Zador, instituted an action against respondent for divorce on the ground of her absence for more than five years without his knowledge as to whether she continued to live. He obtained an order of publication to acquire jurisdiction in the action; and on the return date thereof he was granted judgment of divorce by default entered on January 19, 1976. He died on April 29, 1977. Through a mutual friend respondent learned of Anatol's death, and she attended his funeral. There she learned that he had obtained a divorce against her through publication; and she instituted this proceeding against the executrix of his will to vacate the judgment of divorce on the grounds that Anatol had defrauded the court, that he had not used due diligence to find respondent and that the court was without jurisdiction to grant the judgment without conducting a hearing. Special Term granted her application and entered an order vacating the judgment of divorce. The executrix appeals, asserting that the court erred in granting the application without a hearing, and that documents submitted by respondent in support of her application were hearsay and were not properly authenticated. Despite the facial validity of respondent's claim, we find it necessary to reverse. The record does not contain the papers submitted in support of the order of publication. Although the petition contains only conclusory allegations of petitioner Anatol's due diligence in endeavoring to find respondent, it may be that a proper showing was made in order to

obtain the order of publication. Moreover, Special Term may have found such papers sufficient to confer jurisdiction when it entertained the default application for divorce, despite the paucity of Anatol's testimony with respect thereto. In addition, if the court granted the application to vacate the judgment on the ground that Anatol had misrepresented the facts to the court, the executrix was entitled to a hearing on that issue *(Kurmelis v Gonzalez,* 71 AD2d 997; *Fidelity & Cas. Co. of N. Y. v Yager,* 46 AD2d 615; *Matter of Di Giovanni v Di Giovanni,* 6 AD2d 1038; 19 Carmody-Wait 2d, NY Prac, § 115:15). It is noted also that many of the documents submitted to Special Term on the application were not authenticated so as to be received into evidence and to be considered by the court. Of course, if the application and the order of publication did not show that petitioner used due diligence to find respondent, the order was valueless and the court did not obtain jurisdiction to grant the default divorce *(Kurmelis v Gonzales, supra; Barnes v City of New York,* 70 AD2d 580; *Matter of Roberts,* 19 AD2d 391; *Matter of Hone,* 250 App Div 635; 19 Carmody-Wait 2d, NY Prac, § 115:10). Likewise, if respondent establishes that Anatol knew that she was living and knew how to reach her, his application was a fraud on the court and the court had full authority to vacate the judgment of divorce *(Matter of Roberts, supra; Matter of Hone, supra; Matter of Crick,* 38 Misc 2d 1071; 19 Carmody-Wait 2d, NY Prac, § 115:15; and see *Arcuri v Arcuri,* 265 NY 358, 361). In light of the foregoing the order vacating the judgment is reversed without prejudice to respondent to renew her application at Special Term, on amended papers if she be so advised, upon which application a hearing shall be held. (Appeal from order of Onondaga Supreme Court—vacate divorce decree.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.