■ In the Matter of ANTHONY C., JR., and Others, Infants. ANTHONY C. et al., Appellants, v KAREN SCHIMKE, as Commissioner of the Erie County Department of Social Services, Respondent. [629 NYS2d 344] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Family Court denied the motion of the parents of Anthony, Jr., and Shawnta to vacate default orders terminating their parental rights. Each parent has challenged the court's jurisdiction and each is entitled to a hearing on that issue.

The father, who was incarcerated at the time the permanent neglect proceeding was commenced, was served by publication, and has asserted that he had no notice that his parental rights were terminated until after he filed a petition in Family Court seeking to modify visitation provisions of a prior order. The record does not contain an order of publication, any papers on which it was based, or an affidavit of service by publication. At the time the motion to vacate the default orders was argued, the attorney for respondent Department of Social Services (DSS) was unable to explain why service by publication was sought and suggested that a hearing was appropriate. From the court's response, it appears that the court believed that it lacked authority to hold a hearing because it had previously authorized service by publication. DSS has not responded to the father's appeal. We conclude that the court should have conducted a hearing to determine whether DSS made a proper showing of "reasonable effort" to serve the father personally before seeking an order authorizing service by publication (Family Ct Act § 617 [b]; *see also, Matter of Nagainis v Zador,* 73 AD2d 1057) and thus, whether personal jurisdiction was properly obtained *(see, Taylor v Jones,* 172 AD2d 745).

The mother challenges the court's jurisdiction by asserting under oath that she was never served. The record contains an affidavit of service stating that she was served on December 28, 1992 with a "Summons with Notice." Under those circumstances, the court should have held a hearing on the issue of personal service *(see, Matter of St. Christopher-Ottilie [Devon M.],* 169 AD2d 690, 691). We note that Family Court Act § 617 (a) and Social Services Law § 384-b (3) (e) require service of a summons and petition to commence a termination proceeding *(cf.,* Family Ct Act § 617 [d]).

We remit the matter to Erie County Family Court, therefore, to determine whether it acquired jurisdiction over each parent. If the court did not acquire jurisdiction, then it must grant the motion to vacate the default orders. If the court acquired jurisdiction, however, it must deny the motion. Each parent was required to show a meritorious defense in support of the motion *(see,* CPLR 317, 5015) but failed to do so. (Appeal from Order of Erie County Family Court, Dillon, J.—Vacate Default Orders.) Present—Pine, J. P., Lawton, Callahan, Davis and Boehm, JJ.