■ FRANCES LEVY, Respondent, v. FITZHERBERT ROBINSON et al., Defendants, and VIRGINIA ROBINSON et al., Appellants. ZACHARY ISAACS et al., Intervenors-Respondents.— In this action in which a judgment of foreclosure of a mortgage on real property was entered and in which an order permitting service of a supplemental summons by publication had been made, defendants Virginia Robinson, Edward Basil Robinson and Charles Herbert Robinson appeal from an order of the Supreme Court, Kings County, dated February 11, 1972, and made after a hearing, which *inter alia* denied their motion to vacate the order of publication and the judgment and to cancel the Referee's deed to intervenor 20-J Properties, Inc., in consummation of the sale pursuant to the judgment. Order affirmed, without costs. The record indicates that appellant Virginia Robinson is the widow of the deceased mortgagor and, concededly, was personally served in the action on April 19, 1969. Thereafter, the plaintiff mortgagee obtained the order authorizing service by publication of the supplemental summons on unknown heirs and next of kin. The motion to vacate that order was made approximately eight months after the foreclosure judgment was entered. It was made on the ground that the mortgagor, who had died intestate, left two sons, Edward and Charles (the other two appellants), who had been living with Mrs. Robinson all their lives; that plaintiff's lawyer (her husband) was aware of this fact; and that these sons, as lawful heirs of the mortgagor, should have been joined as parties and served personally with process (CPLR 1001, subd. [a]; Real Property Actions and Proceedings Law, § 1311). At the hearing, both plaintiff's attorney and an investigator testified as to their numerous, but futile, attempts to discover if the mortgagor had any lawful issue surviving him, and particularly whether the two children living with Mrs. Robinson, who concededly was personally served with process, were, indeed, the lawful issue of the deceased mortgagor. Failing in these attempts, plaintiff's attorney again showed his good faith by securing the order for publication of process on unknown heirs, at a substantial cost. Ultimately, the question of whether plaintiff or her attorney knew that the deceased mortgagor had surviving lawful issue was one of fact, based upon the credibility of the opposing witnesses who testified at the hearing. Under these circumstances, the order of Special Term denying appellants' motion should not be disturbed. Moreover, the record further indicates that plaintiff's attorney had a registered letter sent to Mrs. Robinson at her home on September 5, 1970 (about two months before the foreclosure judgment was entered), which contained the notice of publication, and that the receipt therefor was signed " C. Robinson ". No response was received to this or to the numerous other notices that were sent to Mrs. Robinson regarding her default on the mortgage. It is clear that appellants had adequate notice of these proceedings and, under all of the facts herein, the order of Special Term should be affirmed. Munder, Martuscello and Latham, JJ., concur; Shapiro, J., dissents and votes to reverse the order and grant the motion (to vacate the judgment, etc.), with

the following memorandum, in which Rabin, P. J., concurs: On the record before us it seems clear that plaintiff or her attorney knew that the deceased mortgagor had sons living who should have been joined as parties defendant in this action and who should therefore have been personally served with process (see CPLR 1001, subd. [a]; Real Property Actions and Proceedings Law, § 1311). As the heirs of the mortgagor, they are entitled to an intestate share of his possessions, included in which is the home here under foreclosure. CPLR 315 permits service by publication only "if service cannot be made by another prescribed method with due diligence". The procedure for service of process upon unknown heirs by publication does not apply here, since plaintiff was aware of the existence of the sons of the deceased and that they were residing with their mother in the very home under foreclosure. We would reverse the order for "lack of jurisdiction to render the judgment" (CPLR 5015, subd. [a], par. 4; see, also, *Herrmann* v. *Cabinet Land Co.* 217 N. Y. 526) and grant the motion to vacate the judgment, etc.