■ BLANCHE CABAN, Respondent, v HIPOLITO CABAN, Appellant.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Brown, J.), entered December 31, 1984 in Schenectady County, which denied defendant's motion to vacate a judgment of divorce.

The determinative issue on this appeal is whether the Supreme Court, Schenectady County, lacked jurisdiction of defendant when it granted a judgment of divorce dated April 6, 1984 with attendant ancillary relief to plaintiff. Admittedly, service of process in the divorce action was made by an order of publication granted on or about September 1, 1983 requiring the publication to be made in the Schenectady Gazette on September 12, 19 and 26, 1983. During this time, defendant was residing in Bad Kissengen, Federal Republic of Germany, having retired there from military service in the United States Army. Defendant claims that the first notice he received of the divorce judgment was on August 29, 1984, through a letter from the Army Finance and Accounting Center enclosing the divorce decree and notifying him that part of his retirement pay would be withheld for maintenance and child support pursuant to the decree. By order to show cause of October 17, 1984, defendant moved to vacate and set aside the decree for lack of personal jurisdiction. On December

21, 1984, Special Term denied defendant's motion orally from the Bench, and this appeal is from the order entered on this denial.

Pursuant to CPLR 315, service by publication should be ordered only if service cannot be made by another prescribed method with due diligence. While the provisions of CPLR 315 apply to matrimonial actions under Domestic Relations Law § 232 (a), service by publication should be utilized only as a last resort where all other methods of service are unavailable, including possible methods of expedient service (Scheinkman, 1982 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations C232:1 [1984-1985 Supp], p 23).

Herein, plaintiff has shown no effort to effect personal service otherwise or to comply with the methods of service provided for in CPLR 308. Furthermore, plaintiff's own affidavit admits that she had an address for defendant (Box R, APO, N.Y. 09330) and made no effort to contact him through this address; rather, she concluded on her own that any attempt would have been futile, believing that "hundreds or thousands of military men may have the same address". If plaintiff had made such an attempt, it is quite possible that knowledge of defendant's then whereabouts would have been provided to her by the Army. Even in regard to inquiring on the home front, plaintiff's efforts have not been shown to be diligent. In this regard, it is alleged only in the most conclusory fashion that she "contacted the defendant's relatives who had no knowledge of the defendant's whereabouts". In view of defendant's allegation that he had no prior notice of the divorce action *(see, Boddie v Connecticut* 401 US 371) and of plaintiff's meager efforts before resorting to service by publication, the judgment of divorce entered July 31, 1984 and the provisions thereof should be vacated and the order of Special Term denying such relief reversed.

Order reversed, on the law, without costs, motion granted and judgment of divorce entered July 31, 1984 in Schenectady County vacated. Main, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.