■ CAESAR J. SERRANO, Respondent, v HILDA SERRANO, Appellant. (And Another Related Action.)—Levine, J. P. Appeals (1) from an order of the Supreme Court (Connor, J.), entered March 6, 1991 in Ulster County, which denied defendant's motion to vacate a default judgment of divorce in action No. 1, and (2) from an order of said court (Bradley, J.), entered May 3, 1991 in Ulster County, which, upon reargument, adhered to its prior decision in action No. 2 denying defendant's motion to vacate a default judgment in a partition action.

The parties in these two actions were married in July 1960 and have three emancipated children. In 1972, the parties purchased a home in which they lived together until February 1982, when defendant left the marital residence without informing plaintiff that she was leaving or where she was going. In September 1983 plaintiff, seeking to commence a divorce action (hereinafter action No. 1), made application to Supreme Court for an order permitting service on defendant by publication. Supreme Court directed service by publication in the Houston Post in Houston, Texas, which was thereafter accomplished. Upon defendant's failure to answer, plaintiff moved for and was granted a default judgment of divorce in March 1984.

In November 1984, plaintiff commenced an action for partition of the marital residence (hereinafter action No. 2), again by obtaining an order directing service on defendant by publication. When defendant failed to answer, plaintiff moved for and was granted a default judgment of partition in January 1985 awarding him exclusive rights to the property. Plaintiff subsequently sold the residence and utilized at least a portion of the proceeds to purchase a residence with his new wife, to whom he was married in the spring of 1984.

In December 1989, defendant moved to vacate the judgments in both actions pursuant to CPLR 5015 (a) (3), claiming that plaintiff had obtained the orders permitting service by publication, and consequently the default judgments, through fraud and misrepresentation. Supreme Court in action No. 1 determined that defendant was guilty of laches, but held its final decision on the motion in abeyance pending the outcome of a hearing to determine whether the judgment was jurisdictionally sound (i.e., whether plaintiff had in fact used due diligence in attempting to locate defendant prior to obtaining the order of publication). Defendant's application for vacatur

in action No. 2 was denied by Supreme Court and her subsequent motion for reargument was held in abeyance pending the decision after hearing in action No. 1.

Following the hearing, Supreme Court in action No. 1 denied defendant's application to vacate the divorce judgment, concluding that jurisdiction was properly obtained over defendant. Upon review of Supreme Court's order in action No. 1, Supreme Court in action No. 2 determined that there was also no jurisdictional defect in the partition action and that defendant's delay in taking any steps to set aside the judgment of partition until five years after she first received notice thereof precluded her from obtaining the relief sought.* These appeals followed.

As to action No. 1, there should be a reversal. Domestic Relations Law § 232 (a) provides for service by publication pursuant to CPLR 315 in the event that service cannot be made by another prescribed method with due diligence. However, as one commentator has noted, service by publication in matrimonial actions is disfavored and should be utilized only as a last resort where all other methods of service are unavailable, including possible methods of expedient service under CPLR 308 (5) *(see,* Scheinkman, 1991 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C232:3 [1991 Pocket Part], at 5; *see also, Caban v Caban,* 116 AD2d 783, 784). Here, the papers submitted by plaintiff in support of his application for an order of publication omitted material information which, in effect, negated his claim that service could not be made with due diligence by any method other than publication.

Plaintiff averred in his affidavit to the court which issued the order permitting service by publication that he had no way of locating defendant because defendant's parents were dead, she had no brothers or sisters and he did "not know anyone who is in touch with her". The only information provided to the court by plaintiff regarding defendant's whereabouts was that her furniture had been shipped to a warehouse in Houston, Texas. The affirmation submitted by plaintiff's counsel stated that various unsuccessful efforts had been made to locate defendant, including contacting the movers and the warehouse where defendant's belongings were

---

* Although the order entered in action No. 2 indicates that it is a denial of defendant's motion for reargument, from which no appeal would lie *(see, Carlton v Vorosmarty,* 163 AD2d 630, 631), a review of the accompanying decision reveals that Supreme Court actually did reopen its prior decision, but ultimately adhered to its original decision.

shipped, checking the Houston telephone directory and hiring a private investigator who checked the motor vehicle department records in both Texas and New York. What was not disclosed at the time of the application, however, was that plaintiff was in touch during the relevant period with one of his two adult daughters, Denise, who apparently had contact with defendant, although she was unwilling to reveal defendant's location and would state only that defendant was "all right" and not to worry about her. Plaintiff testified to this effect at the hearing and Supreme Court made such a finding.

In our view, plaintiff's failure to make the court aware of the existence of his daughter Denise as a potential link to defendant was fatal to the order of publication and, thus, the resulting default judgment (see, Iroff v Iroff, 125 AD2d 197, 200-201). Not only does it appear that plaintiff misrepresented to the court in his supporting affidavit that he knew no one who was in contact with defendant, but had plaintiff advised the court regarding his contact with Denise, who plaintiff assumed knew of defendant's location, the court could have ordered her to deliver the summons and complaint to defendant or, at the very least, directed a mailing of the summons and complaint in care of Denise (see, supra, at 201). Because plaintiff did not disclose all pertinent facts, the court had no opportunity to fashion a possible method of expedient service (see, supra). Under these circumstances, the order of publication was invalid and the court was without jurisdiction to enter a default judgment of divorce (see, Matter of Nagainis v Zador, 73 AD2d 1057, 1058). Accordingly, the judgment in action No. 1 should be vacated.

We reach the same conclusion with respect to the judgment in action No. 2. As in action No. 1, the affidavit submitted by plaintiff in support of his application for an order permitting service by publication in the partition action represented that plaintiff "ha[d] no way of communicating with [defendant]", but failed to disclose any information regarding his contact during the relevant period with his daughter Denise. Moreover, the judgment of partition was predicated on a jurisdictionally defective divorce judgment. Hence, the judgment in action No. 2 cannot stand.

Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order in action No. 1 is reversed, on the law, with costs, motion granted and judgment of divorce vacated. Ordered that the order in action No. 2 is modified, on the law, with costs, by reversing so much thereof as adhered to its

prior decision upon reargument; motion granted and judgment of partition vacated; and, as so modified, affirmed.