■ RICHARD BUCCI, Respondent, v SUSAN BUCCI, Appellant. [647 NYS2d 978] —In an action for a divorce and ancillary relief, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), dated March 27, 1995, which, after a nonjury trial, *inter alia,* (1) directed the immediate sale of the marital residence and distributed the proceedings therefrom, (2) modified, nunc pro tunc, a prior order of the same court entered May 3, 1994, which provided pendente lite support and maintenance, (3) directed the plaintiff to pay to the defendant as maintenance only $100 per week for two years and then $90 per week for another two years, and (4) directed the plaintiff to pay to the defendant only $10,585 annually for the support of his daughters.

Ordered that the order and judgment is modified, on the facts, by deleting from the fourth decretal paragraph thereof the words "they are to pay Mrs. Diana Bucci, mother of the Plaintiff, the sum of $10,000 on account of a portion of the monies borrowed from her" and substituting therefor, the following "they are to pay Mrs. Diana Bucci, mother of the Plaintiff, the sum of $2,000 on account of a portion of the monies borrowed from her"; as so modified, the order and judgment is affirmed, without costs or disbursements.

It is well settled that a decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence (*see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Richard's Home Ctr. & Lbr. v Kraft,* 199 AD2d 254; *Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830). This is especially true when findings of fact rest in large measure on considerations relating to credibility of witnesses (*see, Richard's Home Ctr. & Lbr. v Kraft, supra; Matter of Poggemeyer,* 87 AD2d 822, 823).

In the present case, the trial court evaluated all of the evidence and rendered an extensive decision holding, *inter alia,* that, based on the plaintiff's average annual income established during the pendency of the action, he was unable to support his family and carry the expenses of the marital residence and therefore, the court ordered the sale of that property, with the proceeds to be distributed. The defendant failed to establish that the plaintiff's income was greater than that established by the credible evidence. Thus, despite the trial court's de minimis error in calculating the amount of a "loan" which the plaintiff's mother made to the couple, the record, on the whole, amply supports the trial court's conclusions and accordingly, with the exception of the modification to correct that error, we find no reason to disturb the judgment *(see, Richard's Home Ctr. & Lbr. v Kraft, supra).* Miller, J. P., Pizzuto, Joy and McGinity, JJ., concur.