■ ISLAMIC CENTER OF HARRISON, INC., et al., Respondents, v ISLAMIC SCIENCE FOUNDATION, INC., et al., Appellants. [692

NYS2d 94] —In an action, *inter alia*, for the removal of the individual defendants as the directors and trustees of the defendant religious corporations, the defendants appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered June 1, 1998, which, *inter alia*, directed a reorganizational meeting of the defendant Islamic Cultural Center of New York, Inc., for the purpose of electing a new Board of Trustees, and directed that a Referee be appointed to hear and decide any membership issues related to that organization.

Ordered that the order is affirmed, with costs.

The issue presented is whether the individual plaintiffs were members of the Islamic Cultural Center of New York (hereinafter ICCNY), so as to have standing to bring the instant action. Following a trial, the Supreme Court rejected the defendants' claim that the named defendants were the only members of ICCNY. The court found that the individual plaintiffs, and others, who attended and contributed their time and money, constituted members of ICCNY under Religious Corporations Law § 195.

It is well settled that a decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence (*see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Bucci v Bucci,* 231 AD2d 665; *Richard's Home Ctr. & Lbr. v Kraft,* 199 AD2d 254; *Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830). This is especially true when findings of fact rest in large measure on considerations relating to credibility of witnesses (*see, Bucci v Bucci, supra; Richard's Home Ctr. & Lbr. v Kraft, supra; Matter of Poggemeyer,* 87 AD2d 822, 823). The record supports the Supreme Court's finding that the individual plaintiffs were members, under both the by-laws of ICCNY and the alternative definition of members in Religious Corporations Law § 195 which is based upon attendance and contributions (*see,* Religious Corporations Law § 195). Accordingly, we find no reason to disturb the order. Ritter, J. P., Joy, Goldstein and Schmidt, JJ., concur.