■ MONROE Y. MANN, Respondent-Appellant, v LOVETT & GOULD ESQS., et al., Appellants-Respondents. [734 NYS2d 852] —In an action, *inter alia,* to recover an attorney's fee, the defendants appeal from (1) a decision of the Supreme Court, Westchester County (Barone, J.), dated June 26, 2000, and (2) a judgment of the same court, entered July 11, 2000, upon the decision, which is in favor of the plaintiff and against them in the principal sum of $32,000, and the plaintiff cross-appeals, on the ground of inadequacy, from the decision and the judgment.

Ordered that the appeal and cross appeal from the decision are dismissed, as no appeal lies from a decision (*see,* CPLR 4213 [b]; 5016 [c]); and it is further,

Ordered that the judgment is modified by deleting from the first decretal paragraph thereof the sum of $32,000 and substituting therefor the sum of $9,000; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment.

The defendant Katheryn DeMilo-Fytros hired the plaintiff attorney to represent her in a civil rights action against the City of Mount Vernon Police Department (*Demilo-Fytros v City of Mount Vernon,* 993 F Supp 221). While the case was pending, she discharged the plaintiff and hired the defendant Lovett & Gould, Esqs., which ultimately settled the case. The plaintiff thereafter commenced this action, *inter alia,* to recover legal fees in quantum meruit for his work prior to discharge. The defendants opposed such relief, arguing, *inter alia,* that the plaintiff was discharged for cause. After a nonjury trial, the Supreme Court issued a decision in favor of the plaintiff and entered a judgment awarding him the principal sum of $32,000. We modify.

Contrary to the defendants' assertions on appeal, the Supreme Court's determination that the plaintiff was not discharged for cause and therefore, that he was entitled to

legal fees in quantum meruit was based on a fair interpretation of the evidence, which included resolution of issues as to the credibility of the witnesses (*see, Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38; *Teichner v W & J Holsteins,* 64 NY2d 977; *Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Bucci v Bucci,* 231 AD2d 665; *Richard's Home Ctr. & Lbr. v Kraft,* 199 AD2d 254). However, the record does not support the amount of legal fees awarded. Rather, viewing the evidence presented in light of all relevant factors, we find that a quantum meruit award of legal fees in the amount of $9,000 is appropriate (*see, Matter of Freeman,* 34 NY2d 1, 9; *Matter of Philip Irwin Aaron, P. C. v Parisi TTEE Parisi Enters.,* 240 AD2d 671; *Chernofsky & DeNoyelles v Waldman,* 212 AD2d 566).

The defendants' remaining contentions are without merit. Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.