■ PANGIA & COMPANY, CPAs, P.C., et al., Appellants, v LARRY DIKER, Respondent. [755 NYS2d 279] —In an action, inter alia, to recover damages for breach of an employment agreement, the plaintiffs appeal from (1) a decision after nonjury trial of the Supreme Court, Dutchess County (Schachner, R.), dated December 18, 2001, and (2) an order of the same court, dated February 20, 2002, which denied their motion pursuant to CPLR 4404 (b), inter alia, for judgment in their favor or a new trial.

Ordered that the appeal from the decision is dismissed on the ground that no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509 [1984]); and it further,

Ordered that the order dated February 20, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff Vincent Pangia and the defendant, Larry Diker, are accountants who formed a professional corporation in the fall of 1984. At about the time the professional corporation was formed, a written employment agreement was prepared, which set forth a formula by which the parties would be compensated

for their work. However, the employment agreement was never signed by Pangia and Diker. After they ended their association in 1998, Pangia and the professional corporation commenced this action seeking, among other things, to recover compensation allegedly overpaid to Diker and owed to Pangia had the parties adhered to the compensation terms of the employment agreement.

At a nonjury trial, Pangia testified that the parties simply failed to sign the employment agreement because they were busy serving clients, while the defendant claimed that he refused to sign the agreement because some of its provisions were unacceptable to him. The defendant also maintained that the agreement was a guideline as to how compensation would be paid. The parties' testimony further revealed that they had not strictly followed the compensation formula set forth in the agreement for many years. In a decision issued after the trial, the court concluded that neither Diker nor Pangia were owed any compensation pursuant to the employment agreement because the evidence did not establish that the parties had ever agreed to be bound by its terms, and the parties had not adhered to its compensation formula during their years together. The plaintiffs subsequently moved pursuant to CPLR 4404 (b), inter alia, for judgment in their favor or a new trial, and the court denied their motion.

It is well settled that a decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Islamic Ctr. of Harrison v Islamic Science Found.,* 262 AD2d 362 [1999]). Contrary to the plaintiffs' contention, the court's finding that the alleged employment agreement was not an enforceable contract is supported by a fair interpretation of the evidence, which establishes that the agreement was never signed, and that the parties never treated it as binding.

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Krausman, Adams and Crane, JJ., concur.