■ STEVEN RIVERA, Respondent, v TRW TITLE INSURANCE OF NEW YORK, INC., Appellant, et al., Defendant. [765 NYS2d 257] —In an action to recover damages for breach of a title insurance policy, the defendant TRW Title Insurance of New York, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Nassau County (Lally, J.), entered January 8, 2002, as, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $69,624.46.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for breach of a title insurance policy. He claimed that the policy insured his title without excepting a mortgage and a tax lien encumbering the real property in question. The defendant, TRW Title Insurance of New York, Inc. (hereafter TRW), while admitting that it issued a title insurance policy to the plaintiff which, on its face, did not except from coverage the subject mortgage and tax lien, asserted a counterclaim seeking to reform the policy to include exceptions for the mortgage and tax lien.

"It is well settled that a decision rendered by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence" (*Islamic Ctr. of Harrison v Islamic Science Found.,* 262 AD2d 362, 363 [1999]). Con-

trary to TRW's contention, the record supports the conclusion reached by the trial court that it failed to demonstrate its entitlement to reformation by clear and convincing evidence (*see New York First Ave. CVS v Wellington Tower Assoc.,* 299 AD2d 205 [2002], *lv denied* 100 NY2d 505 [2003]; *Hess v Baccarat,* 287 AD2d 834 [2001]; *Koskey v Pacific Indem. Co.,* 270 AD2d 461 [2000]). TRW's "submissions * * * failed to establish a mutual mistake that would support a reformation claim" (*New York First Ave. CVS v Wellington Tower Assoc., supra* at 206). It was a provident exercise of the trial court's discretion to draw an adverse inference against TRW for failing to call any witnesses who had personal knowledge of the circumstances involving the preparation and execution of the title insurance policy (*see Simplicity Pattern Co. v Miami Tru-Color Off-Set Serv.,* 210 AD2d 24 [1994]).

TRW's contention that the plaintiff failed to prove damages insofar as the mortgage is concerned is also without merit. The plaintiff's testimony concerning payments he made to satisfy the mortgage lien, in conjunction with documentary evidence and testimony establishing the outstanding balance of the mortgage lien, was sufficient to meet his burden of proof on the issue of damages as it related to the subject mortgage (*see Royal Inn v M.A.F. Realty Corp.,* 105 AD2d 835 [1984]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.