■ PALJO SALJANIN, Appellant, v MALOTE MALOTA, Respondent, et al., Defendants. [801 NYS2d 535]—In an action to recover money owed, the plaintiff appeals, inter alia, on the ground of inadequacy, from a judgment of the Supreme Court, Westchester County (Donovan, J.), dated June 25, 2004, which, after a nonjury trial, is in his favor and against the defendant Malote Malota only in the principal sum of $900.

Ordered that the judgment is affirmed, with costs.

The plaintiff failed to demonstrate that the Supreme Court's determination after a nonjury trial could not have been reached upon any fair interpretation of the evidence (see Rivera v TRW Tit. Ins. of N.Y., 309 AD2d 740 [2003]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Cozier, Ritter and Spolzino, JJ., concur.

■ SALOMON BROTHERS REALTY CORP., Appellant-Respondent, v ELIZABETH ALVAREZ et al., Respondents, and EDWARD P. KALLEN, Respondent-Appellant. [802 NYS2d 705]—In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated July 19, 2004, as (a) denied that branch of its motion which was for summary judgment with leave to renew after joinder of necessary parties, (b) denied that branch of its motion which was to strike the answer and affirmative defenses of Edward P. Kallen, and (c) directed the joinder of necessary parties, and Edward P. Kallen cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly directed that the heirs of the deceased mortgagor be joined as necessary parties to the action. The record does not reflect that the plaintiff exercised the due diligence required by CPLR 315 to permit service by publication upon these necessary parties (see Caban v Caban, 116 AD2d 783 [1986]; First Union Natl. Bank v Estate of Bailey, 7 Misc 3d 1027[A], 2005 NY Slip Op 50793[U] [Sup Ct, Kings County, May 26, 2005]; cf. Levy v Robinson, 41 AD2d 558 [1973]; Matter of McFarland, 7 Misc 3d 1003[A], 2005 NY Slip Op 50418[U] [Sur Ct, Nassau County, Mar. 31, 2005]).

In light of our determination, we need not reach the plaintiff's remaining contentions. Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.