■ MARCEL FLORESTAL, Respondent, v CAROLE COLEMAN-FLORESTAL, Appellant. [2 NYS3d 153]—

In an action for a divorce, the defendant appeals from an order of the Supreme Court, Westchester County (Wood, J.),

entered January 14, 2014, which granted the plaintiff's motion for leave to effect substituted service of the summons and complaint and, in effect, pursuant to CPLR 306-b to extend the time to effect that service.

Ordered that the order is affirmed, without costs or disbursements.

In an action for a divorce, Domestic Relations Law § 232 permits substituted service pursuant to CPLR 308 by court order upon a showing that personal delivery of the summons and complaint upon the defendant could not be effected despite efforts made with due diligence (*see* Domestic Relations Law § 232 [a]; *Liebeskind v Liebeskind*, 86 AD2d 207 [1982], *affd* 58 NY2d 858 [1983]; Alan D. Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C232:3). Here, the affidavits of the plaintiff's process server, wherein he attested that he made numerous attempts to deliver the summons and complaint to the defendant at her residence at different times on different days, including two Saturdays, a weekday evening, and a weekday morning, were sufficient to establish, prima facie, the due diligence requirement (*see Wells Fargo Bank, N.A. v Cherot*, 102 AD3d 768 [2013]; *Lopez v DePietro*, 82 AD3d 715, 716 [2011]; *JPMorgan Chase Bank, N.A. v Szajna*, 72 AD3d 902, 903 [2010]). The defendant's bare and unsubstantiated claims that the plaintiff's process server did not use due diligence were insufficient to rebut the plaintiff's showing. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to effect substituted service of the summons and complaint.

Furthermore, since the plaintiff demonstrated good cause, the Supreme Court properly granted that branch of the motion which was, in effect, to extend the time to serve the summons and complaint (*see* CPLR 306-b; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]). Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.