U.S. Bank N.A. v Ming Kang Low (2021 NY Slip Op 07572)





U.S. Bank N.A. v Ming Kang Low


2021 NY Slip Op 07572


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-08945
 (Index No. 8008/08)

[*1]U.S. Bank National Association, etc., respondent,
v
Ming Kang Low, appellant, et al., defendants.


United Solutions Law Office, Flushing, NY (Chi-Yuan Hwang of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Brian McGrath of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ming Kang Low appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 16, 2018. The order denied that defendant's motion, in effect, pursuant to CPLR 5015(a) to vacate his default in answering the complaint and for leave to serve a late answer.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith and, thereafter, a new determination of the motion of the defendant Ming Kang Low.
In 2008, the plaintiff commenced this action against, among others, the defendant Ming Kang Low (hereinafter the defendant), to foreclose a mortgage on real property located in Brooklyn. Based upon the plaintiff's assertion that it was unable to ascertain the whereabouts of the defendant, the plaintiff was granted leave to serve the defendant by publication. The defendant failed to appear or answer the complaint.
The defendant subsequently moved, in effect, pursuant to CPLR 5015(a) to vacate his default in answering the complaint and for leave to serve a late answer. By order dated May 16, 2018, the Supreme Court denied the motion, and the defendant appeals.
"Under CPLR 5015(a)(4), a default must be vacated once the movant demonstrates lack of jurisdiction" (Greenwood Realty Co. v Katz, 187 AD3d 1153, 1153 [internal quotation marks omitted]), such as by demonstrating lack of proper service of process (see JPMorgan Chase Bank, N.A. v Perkin, 197 AD3d 468). "CPLR 308(5) provides that service of process upon a natural person may be effected 'in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section[,]' which provide for service by personal delivery, delivery and mail, and nail and mail, respectively" (Contimortgage Corp. v Isler, 48 AD3d 732, 734; see Bayview Loan Servicing, LLC v Cave, 172 AD3d 985, 987). "Whether service is impracticable depends on the facts and circumstances surrounding each case" (Bayview Loan Servicing, LLC v Cave, 172 AD3d at 987 [internal quotation marks omitted]).
Here, the defendant's submissions "raised a question of fact as to whether it was impracticable for the plaintiff to serve [him] with the summons and complaint pursuant to CPLR 308(1), (2), or (4), such that the plaintiff was entitled to an alternative method of court-authorized service pursuant to CPLR 308(5)" (Bayview Loan Servicing, LLC v Cave, 172 AD3d at 987). In particular, the mortgage listed an address for the defendant in Queens and the defendant averred that he lived at that Queens address at the time, and for several years after this action was commenced. Nothing in the plaintiff's submissions established or even addressed whether or why it was impracticable to serve the defendant at the address listed on the mortgage. Under these circumstances, the Supreme Court should not have determined the defendant's motion without holding a hearing (see id.; see also Contimortgage Corp. v Isler, 48 AD3d at 732-735).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing on the issue of whether service pursuant to CPLR 308(1), (2), or (4) was impracticable, such that the plaintiff was entitled to an alternative method of court-authorized service pursuant to CPLR 308(5), and, thereafter, a new determination of the defendant's motion.
The defendant's remaining contentions are not properly before this Court.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court