MTGLQ Invs., L.P. v Mayers (2022 NY Slip Op 06001)

MTGLQ Invs., L.P. v Mayers

2022 NY Slip Op 06001

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2021-01963
 (Index No. 4097/14)

[*1]MTGLQ Investors, L.P., respondent,
v
Pearl Mayers, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck and Henry DiStefano of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Pearl Mayers appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 12, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a) to vacate, inter alia, an order and judgment of foreclosure and sale (one paper) of the same court entered July 2, 2019, upon her failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith and thereafter a new determination of those branches of the motion of the defendant Pearl Mayers which were pursuant to CPLR 5015(a) to vacate, inter alia, the order and judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
The plaintiff's predecessor in interest commenced this action against, among others, the defendant Pearl Mayers (hereinafter the defendant) to foreclose a mortgage on property located in Freeport. In May 2014, the plaintiff's predecessor in interest purportedly served the defendant pursuant to CPLR 308(4) by affixing, inter alia, a copy of the summons and complaint to her place of residence and mailing those documents to her at that address. In an order entered September 21, 2015, the Supreme Court, among other things, granted that branch of the motion of the plaintiff's predecessor in interest which was for leave to serve the defendant by publication pursuant to CPLR 308(5). Following service upon the defendant by publication, the defendant still did not appear or answer the complaint, and the court issued an order and judgment of foreclosure and sale that was entered on July 2, 2019. The defendant subsequently moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate, among other things, the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her. In an order entered November 12, 2019, the court, among other things, denied those branches of the defendant's motion. The defendant appeals.
Pursuant to CPLR 308, personal service upon a natural person may be made, inter [*2]alia, by delivering the summons to the person to be served (see id. § 308[1]); by delivering the summons to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by mailing the same (see id. § 308[2]); where service under CPLR 308(1) and (2) cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place, or usual place of abode of the person to be served and by mailing the same (see id. § 308[4]); or in such manner as the court, upon motion without notice, directs, if service is impracticable under CPLR 308(1), (2), and (4) (see id. § 308[5]).
Generally, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service (see Washington Mut. Bank v Holt, 71 AD3d 670, 670; Household Fin. Realty Corp. of N.Y. v Brown, 13 AD3d 340). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988). A sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing (see id. at 988).
Here, the defendant's submissions, including her affidavit, rebutted the presumption of proper service by raising questions of fact as to whether the process server acted with due diligence before resorting to affix and mail service pursuant to CPLR 308(4) (see Coley v Gonzalez, 170 AD3d 1107, 1108-1109; Faruk v Dawn, 162 AD3d 744, 746; McSorley v Spear, 50 AD3d 652, 653-654), and whether the process server otherwise properly effectuated service under CPLR 308(4). Accordingly, a hearing is required to determine whether the defendant was validly served under CPLR 308(4).
CPLR 308(5) provides that service of process upon a natural person may be effected in such manner as the court directs if service is impracticable under CPLR 308(1), (2), and (4) (see Wells Fargo Bank, NA v Patel, 175 AD3d 1350, 1351; Contimortgage Corp. v Isler, 48 AD3d 732, 734). "Whether service is impracticable 'depends on the facts and circumstances surrounding each case'" (Wells Fargo Bank, NA v Patel, 175 AD3d at 1351, quoting Liebeskind v Liebeskind, 86 AD2d 207, 210, affd 58 NY2d 858). Here, the defendant's submissions raised questions of fact as to whether it was impracticable for the plaintiff to serve her with the summons and complaint pursuant to CPLR 308(1), (2), or (4), such that the plaintiff was entitled to an alternative method of court-authorized service pursuant to CPLR 308(5) (see U.S. Bank N.A. v Ming Kang Low, 200 AD3d 1092, 1093-1094; Bayview Loan Servicing, LLC v Cave, 172 AD3d 985, 987). Further, the defendant's submissions raised questions of fact as to whether, among other things, the plaintiff was aware of the defendant's actual place of business, and the plaintiff failed to address why service upon that address would have been impracticable. Under these circumstances, the Supreme Court should not have determined those branches of the defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate, inter alia, the order and judgment and foreclosure of sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her without holding a hearing (see U.S. Bank N.A. v Ming Kang Low, 200 AD3d at 1093-1094; Bayview Loan Servicing, LLC v Cave, 172 AD3d at 987).
Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing on the issues whether the defendant was validly served under CPLR 308(4), and whether service pursuant to CPLR 308(1), (2), or (4) was impracticable, such that the plaintiff was entitled to an alternative method of court-authorized service pursuant to CPLR 308(5), and thereafter a new determination of those branches of the defendant's motion which were pursuant to CPLR 5015(a) to vacate, inter alia, the order and judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court