Rae v Marciano (2024 NY Slip Op 02337)

Rae v Marciano

2024 NY Slip Op 02337

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-03955
 (Index No. 61277/21)

[*1]Robyn Rae, appellant, 
v
Francis Marciano, respondent.

Law Office of Paul O'Dwyer P.C., New York, NY, for appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Westchester County (Robert S. Ondrovic, J.), dated April 14, 2022. The order, insofar as appealed from, denied the plaintiff's application to authorize substitute service upon the defendant nunc pro tunc and to consolidate the action with an action entitled Rae v Marciano et al., pending in the same court under Index No. 55615/22, and dismissed the action for lack of personal jurisdiction.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, without costs and disbursements.
The plaintiff commenced this action for a divorce and ancillary relief, and served the defendant with the summons and complaint via email. The defendant rejected the papers so served. The plaintiff thereafter made an oral application for the Supreme Court to authorize service by email nunc pro tunc, claiming, without proof, that the defendant had previously agreed to it. The plaintiff additionally sought to consolidate this action with an action entitled Rae v Marciano et al, pending in the same court under Index No. 55615/22. By order dated April 14, 2022, the court denied the application and dismissed the action for lack of personal jurisdiction due to improper service upon the defendant. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's application to authorize service by email nunc pro tunc and dismissed the action for lack of personal jurisdiction based on improper service. "In an action for a divorce, Domestic Relations Law § 232 permits substituted service pursuant to CPLR 308 by court order upon a showing that personal delivery of the summons and complaint upon the defendant could not be effected despite efforts made with due diligence" (Florestal v Coleman-Florestal, 124 AD3d 578, 579; see Domestic Relations Law § 232[a]). "A court lacks personal jurisdiction over a defendant who is not properly served with process" (Federal Natl. Mtge. Assn. v Smith, 219 AD3d 938, 940 [internal quotation marks omitted]; see Nationstar Mtge., LLC v Stroman, 202 AD3d 804, 807).
Here, the plaintiff's affidavit of service revealed that the defendant was served via email, rather than by personal delivery. Contrary to the plaintiff's contention, she failed to adequately demonstrate that the defendant previously consented to such service. Thus, absent a court order authorizing service by email, the service was ineffective (see Domestic Relations Law § [*2]232[a]).
The plaintiff's remaining contentions either need not be reached in light of our determination or are not properly before this Court.
DILLON, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court