Cho v HJB of Bayside Corp. (2025 NY Slip Op 03702)

Cho v HJB of Bayside Corp.

2025 NY Slip Op 03702

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-08926
 (Index No. 715421/20)

[*1]Jenny Cho, respondent, 
v
HJB of Bayside Corp., et al., defendants, Andrew J. Han, appellant.

Robert J. Adinolfi, Flushing, NY, for appellant.
Rha Kim Grossman & McIlwain, LLP, New York, NY (Joel Gonzalez and Andrew Grossman of counsel), for respondent.

DECISION & ORDER
In an action to recover on a promissory note and personal guaranties, the defendant Andrew J. Han appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 4, 2023. The order, insofar as appealed from, upon granting that branch of that defendant's motion which was to vacate so much of a judgment of the same court entered October 20, 2021, upon his failure to appear or answer the complaint, as was in favor of the plaintiff and against him, did so on condition that he serve an answer excluding the affirmative defense of lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover on a promissory note and personal guaranties. In an order dated March 17, 2021, the Supreme Court granted the plaintiff's motion, inter alia, pursuant to CPLR 308(5) to direct an alternative method for service of process upon the defendant Andrew J. Han. In an order dated September 13, 2021, the court granted the plaintiff's motion for leave to enter a default judgment upon the defendants' failure to appear or answer the complaint. Thereafter, the court issued a judgment entered October 20, 2021, in favor of the plaintiff and against the defendants. Han moved, among other things, to vacate so much of the judgment as was against him on the grounds of lack of personal jurisdiction and excusable default and in the interest of justice. In an order entered May 4, 2023, the court, inter alia, granted that branch of Han's motion in the interest of justice, conditioned on his service of an answer excluding the affirmative defense of lack of personal jurisdiction. Han appeals from so much of the order as conditioned the granting of that branch of his motion on his service of an answer excluding the affirmative defense of lack of personal jurisdiction.
"CPLR 308(5) provides that service of process upon a natural person may be effected 'in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section,' which provide for service by personal delivery, delivery and mail, and nail and mail, respectively" (U.S. Bank N.A. v Ming Kang Low, 200 AD3d 1092, 1093 [alteration and internal quotation marks omitted]; see Contimortgage Corp. v Isler, 48 AD3d 732, 734). "Whether service is impracticable depends on the facts and circumstances surrounding each case" (MTGLQ Invs., L.P. v Mayers, 209 AD3d 1009, 1011 [internal quotation [*2]marks omitted]; see Wells Fargo Bank, NA v Patel, 175 AD3d 1350, 1351). "To be entitled to relief pursuant to CPLR 308(5), a plaintiff need not satisfy the more stringent standard of 'due diligence' required under CPLR 308(4)" (Bayview Loan Servicing, LLC v Cave, 172 AD3d 985, 987).
Here, the Supreme Court providently exercised its discretion in directing service on Han through an alternative method for service of process (see State St. Bank & Trust Co. v Coakley, 16 AD3d 403). Since Han failed to demonstrate that the court lacked jurisdiction over him, the court properly conditioned the granting of that branch of his motion which was to vacate so much of the judgment as was against him on his service of an answer excluding the affirmative defense of lack of personal jurisdiction.
Han's remaining contention is without merit.
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court