S.B. v D.H. (2025 NY Slip Op 51055(U))

[*1]

S.B. v D.H.

2025 NY Slip Op 51055(U)

Decided on June 23, 2025

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2025
Supreme Court, Westchester County

S.B., Plaintiff,

against
D.H., Defendant.

Index No. XXXXX

Plaintiff — Berdymurat Berdyev, Esq., Berdyev Law, P.C., 73 Main Street, Suite 32, Woodbridge, New Jersey 07095
Defendant - Self-Represented 

James L. Hyer, J.

The following documents were considered in connection with the Notice of Motion of the Plaintiff, dated May 30, 2025, (hereinafter "Motion Sequence No. 1"), seeking the entry of an Order granting the following relief:
1. Ordering, pursuant to New York Domestic Relations Law § 232(a) and CPLR § 308(5), leave of this Court permitting substituted service of the Summons and Complaint; and
2. Ordering further, such other and further relief as this Court deems just and proper.
PAPERS                  
DOC. NO.
Notice of Motion (hereinafter "Notice of Motion")/
Affirmation in Support (hereinafter "Affirmation in Support")[FN1]
 1-2
Relevant Factual and Procedural Background
This matrimonial action was commenced on November 25, 2024, with the Plaintiff's filing of a summons (hereinafter "Summons") and verified complaint (hereinafter "Complaint") (NYSCEF Doc. No. 1), along with the following supporting documents: (1) maintenance guidelines worksheet; (2) notice concerning continuation of health care coverage; and, (3) notice of automatic orders (NYSCEF Doc. Nos. 2-4). The Complaint seeks judgment against the Defendant dissolving the marriage between the parties to this action pursuant to New York State Domestic Relations Law § 170(7) asserting that the parties' relationship had irretrievably broken down for a period in excess of six months and requests other ancillary relief.
The Summons provides the following, "Plaintiff designates New York County as the place of trial, the basis of venue is CPLR § 509," and continues, "Plaintiff resides at: XXXX, Brooklyn, New York 11218" (hereinafter "Plaintiff's Address").[FN2]

The Complaint then provides Plaintiff's Address as the residence of Plaintiff,[FN3]
and Defendant's residence as XXXX, Brooklyn, NY 11224 (hereinafter "Defendant's Address").[FN4]

On May 21, 2025, Plaintiff filed a request for judicial intervention (NYSCEF Doc. No. 6) which provides Defendant's Address as the residence of Defendant.
On May 30, 2025, Plaintiff filed Motion Sequence No. 1 (NYSCEF Doc. Nos. 5 & 7) requesting the above referenced relief. The Notice of Motion provides the only supporting document as the Affirmation in Support and "upon all of the papers and proceedings heretofore had herein."[FN5]

While the Affirmation in Support is deficient for the reasons set forth above, it includes the following:
"1. Introduction: I am the attorney for the Plaintiff in this matrimonial action, and I submit this affirmation in support of the motion seeking an order permitting substituted service or process on Defendant D.H., pursuant to CPLR § 308(5).
2. Background. This action was commenced on November 25, 2024, by the filing of the Summons with Notice. The Defendant's address was last known to be XXXX, Brooklyn, NY 11224. However, despite diligent efforts, the Defendant has not been personally served.
3. Diligent Efforts. The Plaintiff has made numerous attempts to serve Defendant through traditional means, as evidenced by the Affidavit of Due Diligence from NatLegal, dated on December 7, 2024, and ABC Legal on February 12, 2025 which detail the following efforts:
a. Attempt at the Defendant's last known residence on December 7, 2024 at 2:43 pm (Exhibit A).
b. Inquiries with neighbors and building management, to verify the Defendant's whereabouts.
c. Online searches and other investigative measures, including public records searches.
d. Multiple attempts at the last known residence of the Defendant's mother, XXXX, Fort Mill, York County, SC 29715, on February 1, 2025 at 5:08 pm, February 3, 2025 at 10:31 am, February 4, 2025 at 6:41 pm, February 7, 2025 at 12:43 pm, February 8, 2025 at 12:05 pm, February 11, 2025 at 12:27 pm, February 12, 2025 at 2:57 pm (Exhibit B).
4. Impracticability of Traditional Service: These diligent efforts have proven unsuccessful, rendering traditional methods of service impracticable in this case.
5. Proposed Method of Substituted Service: The Plaintiff respectfully requests that the Court authorize substituted service by serving the defendant by publication or posting.
6. Likelihood of Notice: The proposed method of service is reasonably calculated to apprise the Defendant of the pendency of this action and afford them an opportunity to respond."
Notably, while the Affirmation in Support references an Affidavit of Due Diligence from Natlegal, Exhibit A and Exhibit B, no such documents have been filed with this Court. As noted above, no documents other than the Affirmation in Support are set forth in the Notice of Motion as required by the Uniform Civil Rules For the Supreme Court and the County Court § 202.7.[FN6]

Legal Analysis
A. Plaintiff's Request for Order Permitting Substituted Service.
"CPLR 308(5) vests a court with the discretion to direct an alternative method for service of process when it has determined that the methods set forth in CPLR 308(1), (2), and (4) are 'impracticable'" (Astrologo v. Serra, 240 AD2d 606 [2d Dept 1997]). Whether service is "impracticable, 'depends on the facts and circumstances surrounding each case' (MTGLQ Investors, L.P. v. Mayers, 209 AD3d 1009 [2d Dept 2002]; citing Wells Fargo Bank, NA v. Patel, 175 AD3d 1350 [2d Dept 2019], quoting Liebeskind v. Liebeskind, 86 AD2d 207 [1st Dept 1982]). "Although impracticality does not require a showing of actual attempts to serve parties under every method in the aforementioned provisions of CPLR § 308, the movant is required to make competent showings as to actual efforts made to effect service" (Joseph II. V. Luisa JJ, 201 AD3d 43 [3d Dept 2021] [internal citations omitted]).
The Courts have continuously focused on a movant's "due diligence" or lack thereof, as a barrier to issue a court order for substituted service, finding consistently that such an order is obtainable only upon a showing that service "could not be carried out by personal delivery [*2]despite the use of due diligence" (Rae v. Marciano, 227 AD3d 738 [2d Dept 2024]). "Once the impracticability standard is satisfied, due process requires that the method of service be 'reasonably calculated, under all the circumstances, to apprise' the defendant of the action" (Contimortgage Corp. v. Isler, 48 AD3d 732 [2d Dept 2008], quoting Mullane v. Central Hanover Bank & Trust Co, 70 S.Ct. 652 [1950]). "In order to be constitutionally adequate, the method of service need not guarantee that the defendant will receive actual notice," and "Indeed, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits" (Harkness v. Doe, 261 AD2d 846 [4th Dept 1999] [internal citations omitted]).
"In an action for a divorce, New York State Domestic Relations Law § 232 permits substituted service pursuant to CPLR 308 by court order upon a showing that personal delivery of the summons and complaint upon the defendant could not be effected despite efforts made with due diligence" (Florestal v. Coleman-Florestal, 124 AD3d 578 [2d Dept 2015]). To obtain an order permitting service by publication, a party must provide support that service cannot be made by another method of service "with due diligence" imposing an obligation on the plaintiff to exhaust all of the potential methods of service under CPLR § 308, including the seeking of a court order pursuant to CPLR § 308(5) for expedient service" (Serrano v. Serrano, 186 AD2d 912 [3d Dept 1992] "Service by publication in matrimonial actions is disfavored and should be utilized only as a last resort where all other methods of service are unavailable, including possible methods of expedient service under CPLR § 308[5]").
Upon review of the submissions made to this Court, the relief sought in Motion Sequence No. 1 must be denied. Initially, the Affirmation in Support has been determined to be deficient due to lack of compliance with CPLR § 2106 and even if the Court were to consider it, it would be insufficient alone for this Court to grant the requested relief as there are no statements made therein that Plaintiff's attorney has personal knowledge of the facts asserted therein (Caramanica v. State Farm Fire and Cas. Co., 110 AD2d 869 [2d Dept 1985]). To the contrary, a review of the Affirmation in Support leaves no doubt that Plaintiff's attorney is relying upon the asserted knowledge of others, intended to be provided to the Court in the form of exhibits, which were never filed with the Court. Plaintiff therefore has failed to provide proof to support a grant of substituted service.
B. Venue.
While Motion Sequence No. 1 does not raise any issues pertaining to venue, the Court takes judicial notice of the submissions made by Plaintiff which raise concern that this action may have been commenced in an improper venue.
With respect to the county within which an action should be commenced, CPLR § 509 provides the following:
"Notwithstanding any provision of this article except for rule 515, the place of trial of an action shall be in the county designated by the plaintiff, unless the place of trial is changed to another county by order upon motion, or by consent as provided in subdivision (b) of rule 511 of this article."
CPLR § 515 then sets forth the following with respect to proper venue within which matrimonial actions shall be commenced:
"(a) This rule applies to all actions wherein all or part of the relief granted is divorce, all actions brought in supreme court for custody or visitation, all applications to modify a [*3]supreme court order of custody or visitation, all actions wherein all or part of the relief granted is the dissolution, annulment or declaration of the nullity of a marriage, all proceedings to obtain a distribution of marital property following a foreign judgment of divorce, and all post-judgment proceedings following a judgment of divorce.
(b) Notwithstanding anything to the contrary in this article, the place of trial in an action subject to subdivision (a) of this rule shall be in a county in which either party resides or, if there are minor children of the marriage, the place of trial may also be in the county where one of such children resides; except that where any of the addresses of these residences is not a matter of public record, or where any of these addresses is subject to an existing confidentiality order pursuant to section 254 of the domestic relations law or section 154-b of the family court act, the place of trial designated by the plaintiff in any action specified in subdivision (a) of this rule may be as specified in section 509 of this article.
(c) In any action specified in subdivision (a) of this rule, the court may, for good cause shown, allow the trial to proceed before it, notwithstanding that venue would not lie pursuant to subdivision (b) of this rule. Good cause applications shall be made by motion or order to show cause."[FN7]
Effective February 19, 2025, CPLR § 515, the New York Sponsors Memorandum (hereinafter "Sponsors Memorandum") for the bill provides the following justification for the legislation:
"This bill will significantly further access to justice by distributing judicial resources more fairly, speed the processing of divorce cases in counties overburdened by non-resident filings, and assure better outcomes for litigants.
* * *
Designating venue in a divorce action in a county distant from the residence of the parties and children will require defendants to travel long distances where judges require appearances to resolve conflicts in the papers or testimony on a range of issues, or to meet with professionals in relation to the litigation. Moreover, it burdens the courts of that county. It also requires that judges appoint and deal with counsel and mental health and other professionals in distant jurisdictions with whose work and expertise they are unfamiliar. When venue is designated in a distant county, defendants are also more likely to default, in the process giving up valuable rights and increasing the likelihood of post judgment applications.
* * *
This bill would avoid problems of venue designations in distant counties by requiring that venue be related to the parties' residence notwithstanding CPLR 509. It requires that venue in a divorce action be related to the residence of the parties or child(ren) of the marriage with exception only for instances where the address of a party is not a matter of public record or is subject to a confidentiality order, when it may be specified pursuant to CPLR 509. It also gives the court authority for good cause shown to allow the trial to proceed before it even if venue is not proper, thus avoiding time consuming venue [*4]transfers to other counties fraught with delays when appropriate. Moreover, because proposed CPLR rule 515 is expressly limited to matrimonial actions, it will have no impact on non-matrimonial actions.
This bill will ensure that divorces will be processed more quickly statewide as it should result in the volume of divorces being more evenly distributed among counties. This measure will also ensure better outcomes in divorce cases by ensuring that defendants are less likely to default, that parties and their children do not have to travel long distances for in-person hearings, and that judges can appoint and deal with professional counsel and forensic evaluators in custody matters with whose work and expertise they are familiar. As a result, outcomes in divorce cases will be fairer since judges will be better able to assess allegations and fairness of the relief sought because they will have more readily available important information about children and families that would not be available if the venue were not related to residence."[FN8]
Accordingly, the Court is concerned that while this action was commenced in Westchester County the Summons states that Plaintiff designates New York County as the place of trial, and both Defendant's Address and Plaintiff's Address are located in Kings County. While the commencement of this action may have occurred prior to the effective date of CPLR § 515, the Court remains concerned that the public policy considerations set forth in Sponsors Memorandum remain and for those reasons the proper venue for this action may be Kings County. The Court is further concerned, that the allegations contained within Motion Sequence No. 1, even with proper supporting documentation, do not constitute "good cause" pursuant to CPLR § 515(c) which would allow this matter to proceed in Westchester County in the event venue was contested. Therefore, this matter is scheduled for a status conference wherein Plaintiff and Plaintiff's counsel shall appear in person to address the proper venue for this action as scheduled below.
C. Other Relief.
To the extent relief is not granted or otherwise addressed herein, it is hereby denied.
ACCORDINGLY, IT IS HEREBY:
ORDERED that Motion Sequence No. 1 is denied in its entirety, without prejudice; and it is further
ORDERED that Plaintiff and Plaintiff's counsel shall appear for a Status Conference in this matter on June 27, 2025 at 2:00 p.m. to engage address the issue of venue; and it is further
ORDERED that to the extent any relief requested has not been granted or otherwise addressed herein, it is hereby denied.
The foregoing constitutes the Decision and Order of the Court. 
Dated: June 23, 2025
White Plains, New York
ENTER:
HON. JAMES L. HYER, J.S.C.

Footnotes

Footnote 1:This Court notes the attorney affirmation in support was not submitted in admissible form pursuant to New York State Civil Practice Law and Rules (hereinafter "CPLR") § 2106. Most significantly, that the Plaintiff fails to include the required admonition: "I affirm under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law."; see, CPLR §2106; see also, Calliste v. Williams, 32 Misc 3d 1236(A) (Sup. Ct. Kings Cnty. 2011); Daus v. Cassavaugh, 17 AD3d 837 (3rd Dept 2005); Shinn v. Catanzaro, 1 AD3d 195 (1st Dept 2003).

Footnote 2:See, NYSCEF Doc. No. 1, Summons.

Footnote 3:See, NYSCEF Doc. No. 1, Complaint ¶ 5.

Footnote 4:See, NYSCEF Doc. No. 1, Complaint ¶ 6.

Footnote 5:See, NYSCEF Doc. No. 5, Notice of Motion.

Footnote 6:See, Uniform Civil Rules For the Supreme Court and the County Court § 202.7, "(a) There shall be compliance with the procedures prescribed in the CPLR for the bringing of motions. In addition, except as provided in subdivision (d) of this section, no motion shall be filed with the court unless there have been served and filed with the motion papers (1) a notice of motion and (2) with respect to a motion relating to disclosure or to a bill of particulars, an affirmation that counsel has conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion. (b) The notice of motion shall read substantially as follows:*** Upon the affidavit of ......., sworn to on ......., 19...., and upon (list supporting papers if any),"***.

Footnote 7:See, 7B Carmody-Wait 2d § 48:54.

Footnote 8:See, NY Sponsor Memo., 2024 A.B. 10353.