Specialized Loan Servicing, LLC v Kalinin (2020 NY Slip Op 07417)





Specialized Loan Servicing, LLC v Kalinin


2020 NY Slip Op 07417


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-11802
 (Index No. 513035/15)

[*1]Specialized Loan Servicing, LLC, respondent,
v
Svetlana Kalinin, appellant, et al., defendants.


Law Offices of Bruce Richardson, P.C., New York, NY, for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Alex Cameron of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Svetlana Kalinin appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Noach Dear, J.), entered June 29, 2018. The judgment of foreclosure and sale, upon an order of the same court entered June 29, 2018, granting the plaintiff's motion for a judgment of foreclosure and sale, and denying that defendant's cross motion pursuant to CPLR 1015 for leave to substitute herself, as administrator of the estate of Gregory Kalinin, in place of Gregory Kalinin in this action and to amend the caption accordingly, inter alia, directed the sale of the subject property. The notice of appeal from the order is deemed to be a notice of appeal from the judgment of foreclosure and sale (see CPLR 5512[a]).
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion for a judgment of foreclosure and sale is denied, the cross motion of the defendant Svetlana Kalinin pursuant to CPLR 1015 for leave to substitute herself, as administrator of the estate of Gregory Kalinin, in place of Gregory Kalinin in this action and to amend the caption accordingly, is granted, and the order is modified accordingly.
In September 2004, Gregory Kalinin (hereinafter the decedent) executed a note, which was secured by a mortgage on certain real property in Brooklyn. In January 2008, the decedent conveyed his interest in the property to the defendant Svetlana Kalinin (hereinafter the defendant). The decedent died in June 2008.
In July 2015, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. In January 2017, an order of reference was issued which, among other things, amended the caption to substitute the names of several party defendants, including the decedent, in place of "John Doe." Subsequently, the plaintiff moved for a judgment of foreclosure and sale, and the defendant cross-moved pursuant to CPLR 1015 for leave to substitute herself, in her appointed capacity as the administrator of the decedent's estate, in place of the decedent in this action and to amend the caption accordingly. The Supreme Court granted the plaintiff's motion, denied the defendant's cross motion, and entered a judgment of foreclosure and sale. The defendant appeals.
In a mortgage foreclosure action, "[t]he rule is that a mortgagor who has made an [*2]absolute conveyance of all his [or her] interest in the mortgaged premises, including his equity of redemption, is not a necessary party to foreclosure, unless a deficiency judgment is sought" (DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 859; see U.S. Bank N.A. v Spence, 172 AD3d 654, 655; Wells Fargo Bank, NA v Emma, 161 AD3d 1131, 1132; U.S. Bank Natl. Assn. v Esses, 132 AD3d 847, 848). Here, the judgment of foreclosure and sale contains language providing for a potential deficiency judgment against the decedent if the sale of the property does not cover the amount due to the plaintiff. Consequently, the decedent's estate was a necessary party to the action (see U.S. Bank N.A. v Spence, 172 AD3d at 655; cf. Deutsche Bank Natl. Trust Co. v Pagan, 183
AD3d 801, 802; US Bank N.A. v Carrington, 179 AD3d 743, 744).
The parties' remaining contentions either are without merit, or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the plaintiff's motion for a judgment of foreclosure and sale, and granted the defendant's cross motion pursuant to CPLR 1015 for leave to substitute herself, as administrator of the decedent's estate, in place of the decedent in this action and to amend the caption accordingly. Therefore, the judgment of foreclosure and sale must be reversed.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court