Broome v City of New York (2022 NY Slip Op 06462)

Broome v City of New York

2022 NY Slip Op 06462

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2021-00750
 (Index No. 514264/16)

[*1]Nesta Broome, appellant, 
v
City of New York, respondent. 

Da'Tekena Barango-Tariah, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Elizabeth I. Freedman and Jane L. Gordon of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated August 21, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant, City of New York, to recover damages for injuries she allegedly sustained when she tripped and fell on a broken and uneven sidewalk condition in Brooklyn. The plaintiff alleged that the City had received prior written notice of the defective sidewalk condition and had affirmatively created the condition. The City moved for summary judgment dismissing the complaint. In an order dated August 21, 2020, the Supreme Court granted the City's motion. The plaintiff appeals. "A municipality that has enacted a prior written notification law may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location" (Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Such [prior written] notice is obviated where the plaintiff demonstrates that the municipality 'created the defect or hazard through an affirmative act of negligence' or that a 'special
use' conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128, quoting Amabile v City of Buffalo, 93 NY2d at 474).
Here, the City "met its burden of establishing that it did not receive prior written notice of the [defective] condition, thereby shifting to plaintiff the burden of demonstrating either that a question of fact existed in that regard or that one of the Amabile exceptions applied" (Groninger v Village of Mamaroneck, 17 NY3d at 129; see Yarborough v City of New York, 10 NY3d 726, 728; Smith v City of New York, _____ AD3d _____, 2022 NY Slip Op 05226 [2d Dept]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City affirmatively created the alleged defective condition (see Groninger v Village of Mamaroneck, 17 NY3d at 129; Smith v City of New York, _____ AD3d _____, 2022 NY Slip Op 05226; Gonzalez v Town of Hempstead, 124 AD3d 719, 721).
Accordingly, we affirm the order.
DUFFY, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court