Ryabaya v City of New York (2023 NY Slip Op 05284)

Ryabaya v City of New York

2023 NY Slip Op 05284

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-00664
 (Index No. 510209/16)

[*1]Nellya Ryabaya, appellant, 
v
City of New York, respondent.

William Pager, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Daniel Matza-Brown, Geoffrey M. Stannard, and Jeremy Pepper of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated August 19, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant, City of New York, to recover damages for personal injuries she allegedly sustained in March 2016 when she tripped and fell on a broken and cracked curb located at 1375 Rockaway Parkway in Brooklyn. The plaintiff alleged that the City had received prior written notice of the defective condition through a Big Apple map from 2004, which indicated that the curb where the plaintiff fell was broken or misaligned, and a work permit from 2015 to "RESET, REPAIR OR REPLACE CURB" at nearby 1365 Rockaway Parkway. The City moved for summary judgment dismissing the complaint on the basis of lack of prior written notice, proffering a Google Maps image dated August 2013 that showed that the crack in the curb on which the plaintiff fell was not present as of August 2013. In an order dated August 19, 2020, the Supreme Court granted the City's motion. The plaintiff appeals.
"A municipality that has enacted a prior written notification law may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location" (Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; see Broome v City of New York, 210 AD3d 857; Smith v City of New York, 210 AD3d 53). Here, the City met its burden of establishing that it did not receive prior written notice of the defective condition that was the alleged cause of the plaintiff's injuries (see Broome v City of New York, 210 AD3d at 858; Administrative Code of the City of New York § 7-201[c]). Contrary to the plaintiff's contention, the Supreme Court properly took judicial notice of the Google Maps image from August 2013, which showed that any defects indicated on the Big Apple map from 2004 had been remedied by August 2013 (see CPLR 4532-b). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the City had prior written notice of the defect which allegedly caused her injuries (see Smith v City of New York, 210 AD3d at 63). While the plaintiff argued that there was evidence that the work permit to replace the curb at an address near where the plaintiff suffered her injuries was issued subsequent to the August [*2]2013 Google Maps image, issuance of a work permit does not constitute prior written notice (see Lopez v Gonzalez, 44 AD3d 1012; Gee v City of New York, 304 AD2d 615, 617), and, in any event, the work permit was not issued for a defect at the site of the plaintiff's injuries.
Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court