HSBC Bank USA, N.A. v Sanderson (2024 NY Slip Op 05331)

HSBC Bank USA, N.A. v Sanderson

2024 NY Slip Op 05331

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-07239
 (Index No. 37396/07)

[*1]HSBC Bank USA, N.A., etc., respondent,
v
Annette Sanderson, appellant, et al., defendants.

Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for appellant.
Frenkel Lambert Weiss Weisman & Gordon LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Annette Sanderson appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 25, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated August 2, 2018, entered upon her failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or for a hearing to determine the validity of service of process upon her, or, in the alternative, pursuant to CPLR 317 and 5015(a)(1) to vacate the order and judgment of foreclosure and sale and for leave to file a late answer, or, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 21, 2004, the defendant Annette Sanderson executed a note in the sum of $608,000 in favor of Fairmont Funding, Ltd. The note was secured by a mortgage on certain residential property located in Brooklyn (hereinafter the premises). By deed dated April 19, 2006, Sanderson conveyed the premises to the defendant Juliet Charles. Sanderson allegedly defaulted on her obligations under the note and mortgage by failing to make the monthly payments due on June 1, 2007, and thereafter. On October 9, 2007, the plaintiff commenced this action against Sanderson and Charles, among others, to foreclose the mortgage. Sanderson failed to appear or answer the complaint.
By deed dated December 21, 2011, Charles conveyed the premises to 92 Vanderbilt Avenue, Inc. (hereinafter 92 Vanderbilt). On November 26, 2013, 92 Vanderbilt filed a petition for bankruptcy under chapter 11 of the United States Bankruptcy Code. The bankruptcy case was dismissed on June 29, 2016.
In an order dated January 16, 2018, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against Charles, to strike Charles's answer, for leave to enter a default judgment against the remaining nonappearing and [*2]nonanswering defendants, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. Thereafter, the court issued an order and judgment of foreclosure and sale dated August 2, 2018 (hereinafter the August 2018 judgment), among other things, confirming the referee's report and directing the sale of the premises.
A foreclosure sale was scheduled for November 1, 2018, but was canceled after 289 Gates Management, Inc., an entity that was incorporated by Sanderson, filed a chapter 7 bankruptcy petition on that day. By deed dated December 3, 2018, 92 Vanderbilt conveyed the premises to Sanderson. By order dated March 22, 2019, the United States Bankruptcy Court for the Eastern District of New York lifted the automatic stay with respect to the premises, and the bankruptcy case was dismissed pursuant to an order dated May 28, 2019. A foreclosure sale was then scheduled for June 6, 2019, but was canceled after Sanderson, as principal of an entity called Gates 289 AS, Inc., filed a chapter 7 bankruptcy petition on June 5, 2019. In an order dated October 13, 2019, the United States Bankruptcy Court for the Eastern District of New York lifted the automatic stay and held that any subsequent bankruptcy filing by any person or entity with an interest in the premises would not stay the plaintiff's enforcement of its foreclosure claim. Thereafter, a foreclosure sale was scheduled for January 9, 2020.
On January 8, 2020, Sanderson moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the August 2018 judgment and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or for a hearing to determine the validity of service of process upon her, or, in the alternative, pursuant to CPLR 317 and 5015(a)(1) to vacate the August 2018 judgment and for leave to file a late answer, or, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. The plaintiff opposed the motion. By order dated May 25, 2022, the Supreme Court, among other things, denied those branches of the motion. Sanderson appeals.
Contrary to the plaintiff's contention, although Sanderson conveyed title to the premises to Charles prior to the commencement of this action, Sanderson was a necessary party to the action. "A mortgagor who has made an absolute conveyance of all his or her interest in the mortgaged premises is not a necessary party to a foreclosure action unless a deficiency judgment is sought" (Citimortgage, Inc. v Warsi, 212 AD3d 592, 594; see PNC Bank, N.A. v Lefkowitz, 185 AD3d 1069, 1070). Here, the August 2018 judgment contains language providing for a potential deficiency judgment against Sanderson if the sale of the premises did not cover the amount due to the plaintiff (see Specialized Loan Servicing, LLC v Kalinin, 189 AD3d 1107, 1109; U.S. Bank N.A. v Spence, 172 AD3d 654, 655). The plaintiff's contention that it now waives a deficiency judgment is improperly raised for the first time on appeal (see Ikezi v 82nd St. Academics, 221 AD3d 986, 988). Thus, although Sanderson no longer had title to the premises when the action was commenced, she was a necessary party to the action (see Specialized Loan Servicing, LLC v Kalinin, 189 AD3d at 1109; U.S. Bank N.A. v Spence, 172 AD3d at 655; cf. PNC Bank, N.A. v Lefkowitz, 185 AD3d at 1070-1071).
"Pursuant to CPLR 5015(a)(4), the court which rendered a judgment or order may relieve a party from it upon such terms as may be just upon the ground of 'lack of jurisdiction to render the judgment or order'" (Niebling v Pioreck, 222 AD3d 873, 874). Service of process upon a natural person must be made in strict compliance with statutory methods of service pursuant to CPLR 308 (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Estate of Waterman v Jones, 46 AD3d 63, 65). The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void (see Deutsche Bank Natl. Trust Co. v Williams, 215 AD3d 799, 800; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897).
CPLR 308 requires that service be attempted by personal delivery of the summons "to the person to be served" (id. § 308[1]), or by delivery "to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" (id. § 308[2]). Service pursuant to CPLR 308(4), commonly known as affix and mail service, may be used only where [*3]service under CPLR 308(1) or (2) cannot be made with "due diligence" (id. § 308[4]; see Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738).
"Generally, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (MTGLQ Invs., L.P. v Mayers, 209 AD3d 1009, 1011; see Washington Mut. Bank v Holt, 71 AD3d 670, 670). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988). A sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing (see id.).
Here, an affidavit of service attested that Sanderson was served on November 5, 2007, at the premises by affixing a copy of the summons and complaint to the door of the premises, which was the "defendant's dwelling place," and another affidavit of service attested that Sanderson was also served on April 12, 2008, at 318 E. 16th Street, in Brooklyn (hereinafter the E. 16th St. address), by delivery of a copy of the summons and complaint to a "JOY ROBERTS-FAMILY MEMBER, a person of suitable age and discretion." The affidavit of service attesting that Sanderson was served on November 5, 2007, constituted prima facie evidence of proper service pursuant to CPLR 308(4), and Sanderson failed to rebut the presumption of proper service established by that affidavit (see Wells Fargo Bank, N.A. v Enitan, 200 AD3d at 739). Sanderson averred in an affidavit in support of her motion that she had lived at the E. 16th St. address "for many years," that her employer's record of her residency since December 8, 2005, as well as her 2007 tax return, reflected that she resided at the E. 16th St. address in 2007, and that she did not reside at the premises. Sanderson further averred that she "never lived" at the premises. However, the employment record submitted, which consisted of a letter from Sanderson's employer dated April 22, 2016, listing her address as the E. 16th St. address, was insufficient to establish that, as she alleged, Sanderson had resided at the E. 16th St. address since December 8, 2005 (see Wells Fargo Bank, NA v Burshstein, 172 AD3d 1437, 1439). Moreover, the tax return for the tax period ending on December 31, 2007, which was redacted, was insufficient to prove Sanderson's address on the date service was made (see Bank of N.Y. v Ilonzeh, 203 AD3d 1119, 1120-1121).
Since Sanderson failed to rebut the presumption of proper service created by the affidavit of service alleging that she was served with process on November 5, 2007, it is unnecessary to address her contentions that she was not properly served on April 12, 2008, by service on "JOY ROBERTS-FAMILY MEMBER, a person of suitable age and discretion," and that, in any event, dismissal of the complaint pursuant to CPLR 306-b was warranted because the alleged service on April 12, 2008, was made more than 120 days after commencement of the action (see Quinones v Z & B Trucking, Inc., 220 AD3d 903, 903).
Accordingly, the Supreme Court properly denied those branches of Sanderson's motion which were pursuant to CPLR 5015(a)(4) to vacate the August 2018 judgment and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or for a hearing to determine the validity of service of process upon her.
A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) and to compel the plaintiff to accept an untimely answer must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d 835, 837; U.S. Bank N.A. v Rauff, 205 AD3d 963, 965). Here, Sanderson failed to establish a reasonable excuse for her default, as the only excuse she proffered was lack of personal jurisdiction (see Deutsche Bank Natl. Trust Co. v Geslani, 222 AD3d at 837; U.S. Bank N.A. v Rauff, 205 AD3d at 965). Moreover, since Sanderson failed to demonstrate a reasonable excuse for her default, it is unnecessary to determine whether she sufficiently demonstrated the existence of a potentially meritorious defense, including lack of standing or failure to comply with RPAPL 1303 or 1304 (see U.S. Bank N.A. v Rauff, 205 AD3d at 965; US Bank N.A. v Dedomenico, 162 AD3d 962, 964).
Contrary to the plaintiff's contention, that branch of Sanderson's motion which was pursuant to CPLR 317 to vacate the August 2018 judgment was not untimely (see Olivaria v Lin & Son Realty Corp., 84 AD3d 423, 425). However, Sanderson failed to make the requisite showing that she lacked notice of the action in time to defend the action (see CPLR 317; 259 Milford, LLC v FV-1, Inc., 211 AD3d 658, 660; HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682). Accordingly, the Supreme Court properly denied that branch of Sanderson's motion which was pursuant to CPLR 317 and 5015(a)(1) to vacate the August 2018 judgment and for leave to file a late answer.
That branch of Sanderson's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned was untimely because it was made after the entry of the August 2018 judgment (see U.S. Bank Trust, N.A. v Rahman, 218 AD3d 626, 628; Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d 1305, 1308). Accordingly, the Supreme Court properly denied that branch of Sanderson's motion.
Sanderson's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court